## Cobb's Executor *versus* Burns and Wife.

1. The jurisdiction to decree specific performance of the contract of a decedent belongs to the Orphans' Court, which it cannot delegate to the Common Pleas.

2. An order of the Orphans' Court which merely "directs an issue in the matter of the specific performance of a contract," is void.

3. The decision of all questions concerning specific performance of a decedent's contract is exclusively in the Orphans' Court, unless during the progress of the matter a fact arises which it thinks is proper to be tried by a jury.

4. Mixed questions of law and fact cannot be certified for trial.

5. An issue to try "if the said contract was forfeited, and if no money had been paid and received on the said contract," was a mixed issue.

6. If more than one fact be in dispute all may be certified at once, but each is the subject of a separate issue, though all, if not too numerous and complex, may be tried by one jury.

7. The trial of issues before the same jury, is in the discretion of the Court of Common Pleas. If tried together there must be a distinct finding on each issue, and each finding certified to the Orphans' Court.

8. A party asked for the specific performance of a contract executed in duplicate, and accompanied his petition with the original, which, on an issue to the Common Pleas, was certified with the record. *Held*, that the other party was not bound to give the original from the Orphans' Court in evidence, before giving his own duplicate.

9. A receipt was endorsed on the contract which was the subject of controversy. The party offering the contract would not be bound to read the receipt if there had been but one original.

March 8th 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Luzerne county*: No. 88, to July Term 1868.

In the court below this was an issue from the Orphans' Court to the Court of Common Pleas of Luzerne county.

On the 25th day of November 1864, John Cobb and wife entered into a written agreement with Amzi L. Burns and Mary Jane his wife, by which, for the consideration of $2500, to be paid before the 25th of March 1865, Cobb and wife agreed to convey in fee simple to Burns and wife, a tract of 239 acres of land, when the payments and performances should have been made and performed, with this encumbrance, viz.: Cobb and wife were to have their maintenance and support out of the place during their lives, to be secured by a life lease, bearing even date with the deed, with the further stipulation, "that if the said party of the second part shall neglect or refuse to fulfil their covenants

[Cobb v. Burns.]

aforesaid, which by this agreement are to be made and performed in the year 1865, the right and interest of the said party of the second part, acquired by this contract, and the partial performance thereof by them shall be forfeited, and the moneys theretofore paid by them shall not be refunded, and the said party of the first part shall have full right to declare this contract void, and shall be at liberty to re-enter upon and hold the said land, with the improvements and buildings thereon erected, and shall or may sell the same to any other person, in the same manner as if this contract had not been made, or at their preference may claim damages."

The agreement was executed in duplicate. On that retained by Burns were these endorsements:—

"Jefferson, November 25th 1864.—Received Twenty-five Dollars of the second part within named, to apply on the consideration within mentioned.    $25.    JOHN COBB."

"Jefferson, May 2d 1865.—Received of Amzi L. Burns and Mary J. Burns, Twenty-four Hundred and Seventy-five Dollars, it being the full consideration of the within article.

JOHN COBB."

Cobb died about July 1866, having made a will, of which he appointed Conrad S. Cobb executor.

On the 9th of January 1867, Burns and wife petitioned the Orphans' Court to decree specific performance of the contract; accompanying their petition was the paper which had been retained by them, and on which the foregoing receipts were endorsed. The executor filed an answer admitting the execution of the contract, but denying the receipt of the purchase-money, averring that the contract had been forfeited in the lifetime of the decedent, and asking the court to direct an issue to the Common Pleas to try the disputed facts. An issue was accordingly ordered, and the record of the Orphans' Court, including the contract accompanying the petition, was certified to the Common Pleas.

The issue was framed between Cobb's executor as plaintiff, and Burns and wife as defendants. The declaration was in the ordinary form on a wager, setting out that the plaintiff affirmed that the "contract had been forfeited according to the terms thereof," and that the defendants denied this affirmation; the promise averred was that the defendants would pay the plaintiff "if the said contract was forfeited, and if no money had been paid and received on the said contract." The plea was that "the said contract was not forfeited as alleged by the plaintiff, and that the defendants are entitled to specific performance of the said contract."

[Cobb *v.* Burns.]

On trial of the issue before Conyngham, P. J., the plaintiff offered in evidence the duplicate original retained by the decedent, which was the same as the other, having endorsed on it a receipt for the $25, but not for the other payment, and having also this endorsement:—

"We, the within grantors, do hereby declare the within contract void and forfeited; the parties of the second part having failed to perform on their part.

Witness our hands and seals, at Jefferson, this 27th day of April, A. D. 1865.        JOHN COBB [SEAL.] MARY COBB [SEAL.]"

To be followed by proof of the forfeiture of the contract. This was objected to by the defendants, "because *it is* not the contract on which this issue is formed." The court rejected the evidence, saying: "This issue was framed by the counsel without being submitted to the court, and has reversed the parties; the defendants in fact should have been the plaintiffs; but the present plaintiff objects to permitting the record to be amended by changing the parties, claiming the right to try the case in its present shape. Under this state of the facts he must submit to us in the first place the contract about which the issue was directed, and not another even if it be like it and be in truth another original, and if he refuse to do so we will not permit him to give another contract in evidence, which we cannot say is the same contract brought to the notice of the other court; if the contract presented by the defendants with the record from the other court, and now in the files, and about the execution of which no question is raised in the issue, is now given in evidence, we see no objection to the plaintiff's giving in evidence the other contract or any other paper, if he deem it important to make out his side of the case; then the subject will be under the issue properly before us. If he refuses so to do, we cannot permit this paper now to be given in evidence to raise a question as to its specific performance, as it is not the paper specific performance of which was sought in the other court, and which is resisted. This suit must have reference to the paper submitted to the Orphans' Court—the mere wrongplacing of the parties in an issue to satisfy the conscience of the court, ought not to permit a change in the real matter in dispute; in such an issue the true rights of the parties should be protected—the true issue being the question of the forfeiture of the contract of which the present defendants claimed specific performance in the Orphans' Court. The court at this time reject the paper, and at the request of plaintiff seal this bill."

The verdict was for the defendants. The plaintiff removed the case to the Supreme Court, and assigned the rejection of the contract for error.

[Cobb v. Burns.]

*L. Hakes* and *Wright & Harrington*, for plaintiff in error.—
The burden was on the plaintiff to show a forfeiture whatever the
form of the issue, and the paper offered was evidence for that
purpose: Stephen's Pl. 84; 1 Chitty's Pl. 653; 1 Greenleaf's
Ev. § 82; 2 Id. § 3.

*G. M. Harding* and *H. W. Palmer*, for defendant in error.

The opinion of the court was delivered, March 18th 1869, by
AGNEW, J.—The jurisdiction to decree specific performance of
the contract of a decedent for the sale of real estate belongs to
the Orphans' Court, under the 15th section of the Act of 24th
February 1834. It cannot delegate this jurisdiction to the Court
of Common Pleas. An order of the Orphans' Court which merely
" directs an issue in the matter of specific performance of contract"
in a case before the court, and certifies it in these words only, is
simply void. It ascertains no *fact* in dispute, and certifies nothing
to be tried. If it means to send to the Common Pleas a question
of *specific performance*, it is improper as an unauthorized delegation
of jurisdiction; and if it means to send any issue the parties may
themselves choose to raise in the Common Pleas it is equally irregu-
lar. The decision of all questions concerning the matter of specific
performance belongs exclusively to the Orphans' Court, unless in
the progress of the matter before it, a question of fact arises which
it thinks proper to send to be tried by a jury.

The 55th section of the Act of 29th March 1832, declares that
the " Orphans' Court shall have power to send an issue to the
Court of Common Pleas of the same county for the trial of facts
by a jury, whenever they shall deem it expedient to do so." In
reference to issues it has been often decided that it is only con-
tested facts which can be certified for trial, and not mixed questions
of law and fact. Robinson *v.* Zellinger, 9 Watts 169; Shertzer's
Executors *v.* Herr, 7 Harris 34; Russell *v.* Reed, 3 Casey 166;
Christophers *v.* Selden, 4 Casey 165; Robinson and Minis' Appeal,
12 Casey 81. After the certificate in this case (such as it was)
was filed in the Common Pleas, the issue was made up in the usual
way by declaring on a wager, the promise being laid to pay the
wagered sum, " if the said contract was forfeited, and if no money
had been paid and received on the said contract." This was a
mixed issue, not one of fact alone. Whether money had been
paid and received on the contract was a fact which might be tried;
but whether the contract was forfeited might depend on various
questions of law and fact. The facts themselves on which forfeiture
depended might have been various, as whether payment was made,
or the receipt was genuine, or the time of performance waived.
A contested fact only can be sent to an issue, so that that fact,
whichever and whatever it was, was the fact which should have

been certified by the Orphans' Court, and the issue framed upon it.

If more than one fact be in dispute, all may be certified at the same time, but each one constitutes the subject of a separate issue; though all the issues, if not too numerous and complex, may be tried together before the same jury. The trial of the issues together or severally is a matter to be regulated by the sound discretion of the Court of Common Pleas. But if tried together. . there must be a distinct finding upon each issue, and the result of each finding must be certified to the Orphans' Court. There was error therefore in the certificate of the Orphans' Court, and in the manner in which the issue was made up in the Common Pleas.

We are of opinion that the learned judge erred in his rejection of the contract. The declaration recited a contract averring it to be forfeited. The ground of forfeiture is said to be the non-payment of the money at the time stipulated, which gave the right, according to the terms of the contract, to declare it void. This contract was evidenced by duplicate originals, each party holding one; and the plaintiff offered his original as evidence of the terms of the contract, in order to follow it with proof of the forfeiture. The court rejected this duplicate original on the ground that it was not the identical paper which the opposite party had attached to his petition in the Orphans' Court, and remained there on file. Clearly this was error. The purpose was to show the terms of the contract, in order to reach the question of forfeiture. For this purpose the original in the plaintiff's possession was certainly as good evidence as that in defendant's hands. In attaching the latter to the petition it was but as evidence of the contract set forth in the petition by the defendant, but it did not deprive the plaintiff's duplicate of any of its efficacy as evidence also of the contract. The purpose of the defendant in excluding the plaintiff's paper is obvious. His duplicate contained a receipt, the subject of the controversy; and he wished to force the plaintiff to give his paper in evidence in order to carry with it this endorsed receipt, a mistake however had there been but a single original; for this receipt being the subject of the controversy, the plaintiff was not bound to read it, and could have put the defendant on proof of it. Had the question before the judge been one of identity, or something pertaining to the particular paper itself, as an alleged forgery, his ruling might have been correct.

The judgment of the Court of Common Pleas is therefore reversed; and it is ordered that all the proceedings in that court be quashed, and that the certificate of issue from the Orphans' Court, be sent back by the Court of Common Pleas to the Orphans' Court with a certificate of this order.