## Martha Jane Seamans, Appellant, *v.* The Delaware, Lackawanna & Western Railroad Company.

*Negligence—Railroads—Stop, look and listen—Grade crossing.*

In an action to recover damages for the death of a person killed at a grade crossing it appeared that no person saw the accident; that the body of the deceased was found upon the pilot of an engine near the crossing, and that a buggy in which the deceased started from his home was found broken to pieces near the crossing. The evidence showed that when the deceased was within from thirty to forty feet of the railroad he could have seen along the track at least a quarter and perhaps half a mile in the direction from which the engine came which struck him. *Held*, that a nonsuit was properly granted, inasmuch as the deceased would have seen the approaching train if he had stopped and looked.

Argued Feb. 27, 1896. Appeal, No. 104, Jan. T., 1896, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1892, No. 264, entering nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for death caused by defendant's negligence.

At the trial it appeared that the deceased, John Seamans, husband of the plaintiff, left his home about five o'clock of the afternoon of February 4, 1891, in an open buggy, driving one horse. He was not again seen alive. His dead body was found about twenty minutes after six o'clock of the same evening upon the pilot of an engine, at a public grade-crossing of defendant's railroad, known as the South Branch crossing. The buggy was found broken to pieces near the crossing. No person saw the accident. The evidence was that as the public road approached the crossing in the direction in which the decedent came, the land was level, and that at a distance from thirty to

forty feet from the crossing a person had an unobstructed view down the track, or in the direction from which the train came which killed the deceased, of from a quarter to half a mile. The court in granting a compulsory nonsuit said:

Now the rule of law is unbending, absolute and imperative that before a person, a wayfarer upon a public highway, crosses a railway, it is his duty to stop, not hold up, but to stop, look and listen for approaching danger or trains. The law presumes that where there is no evidence, that out of regard for a man's own life he would do his duty, and stop, look and listen. There is no positive evidence in this case that the man did stop, look and listen, or that he did not. The witnesses who say that they saw the accident do not say whether this man stopped or not.

Now, there is another rule that has recently been laid down by the Supreme Court in this state in regard to matters of this kind, that if a wayfarer or traveler about to cross a track has an unobstructed view of a quarter or half a mile, say, so that he could see or hear approaching danger,—if he does stop, look and listen, he could see what is approaching, and if, disregarding what he sees—the danger then approaching—he takes the chances of getting across the track before the engine or train reaches the crossing, it is his own negligence, and his survivors cannot recover. Now, in this case the court enters the nonsuit, not upon the theory that the company was not negligent, for the evidence here shows that the company was negligent in this, that it failed to give any signal of the approach of that train to that crossing. It was the duty of the company's servants to give proper signals at the proper time and place. The evidence here shows that the company's servants did not do that.

But the other rule of law which defeats the plaintiff in this action is that the decedent was guilty of what is called contributory negligence, or negligence which contributed to the injury that caused his death. Now, if as shown here and not disputed, it seems to the court, clearly, that Mr. Seamans could have seen down this track at least a quarter of a mile, and perhaps a half, when he was within from thirty to forty feet of the track, he had an opportunity to look, to listen. If he did he would have seen, must have seen, the approaching train, because the evidence here is the only evidence on the subject which seems

to the court worth considering, that the headlight was burning at the time. I say if he stopped and looked, he must have seen, even if he did not hear. If he did not stop, and passed on, the rule of law would defeat this action, and as I said to you, gentlemen, it is not a rule made by this court, it is a rule made by the highest court of the state, and the trial judge is bound to observe that, as he is all other law laid down by the Supreme Court. For that reason we feel it to be our duty to grant a compulsory nonsuit in this case.

The court subsequently refused to take off the nonsuit.

*Error assigned* was in refusing to take off nonsuit.

*S. B. Price*, for appellant.—A person killed is presumed to have exercised due caution and stopped, looked and listened before attempting to cross the railroad: Schum v. R. R., 107 Pa. 8; Penna. v. Weber, 76 Pa. 168; 1 Weimer on Railroads, 544, 545; Pa. R. R. v. Fortney, 90 Pa. 324; Patterson R. R. Accident Law, sec. 182; Pa. R. R. v. Werner, 89 Pa. 59.

Under the evidence, the duty of the decedent cannot be governed by an invariable rule, and therefore the principle as laid down in Carroll v. Penna. R. R., 12 W. N. C. 348, and like cases, is not applicable to this case.

If the facts relied upon to establish negligence be doubtful, the case should be submitted to the jury: Smith v. R. R., 158 Pa. 82; Whitman v. Penna. R. R., 156 Pa. 175; McGill v. R. R., 152 Pa. 331; Keng v. B. & O. R., 160 Pa. 644; Penna. R. R. v. Heileman, 49 Pa. 60; Ely v. Pittsburg R. R., 158 Pa. 233; Penna. R. R. v. Ogier, 35 Pa. 60.

*Everett Warren*, *Henry A. Knapp* with him, for appellee.— The case here is not distinguishable from Myers v. Railroad Co., 150 Pa. 386, and Urias v. Railroad Company, 152 Pa. 326, except that the contributory negligence of the injured party is, if anything, clearer than in either of these cases: Gangawer v. R. R., 168 Pa. 265.

The presumption that the decedent stopped, looked and listened at a proper place before crossing, is rebutted by the fact that there was ample opportunity to see and hear an approaching train from points along the road which the decedent must

have passed: Carroll v. R. R., 12 W. N. C. 348; Connerton v. R. R., 169 Pa. 339; Kraus v. R. R., 139 Pa. 272; Cleary v. R. R., 140 Pa. 19; Hauser v. R. R., 147 Pa. 440; Schmidt v. R. R., 149 Pa. 357; Urias v. R. R., 152 Pa. 326; Newhard v. R. R., 153 Pa. 417; Lees v. R. R., 154 Pa. 46; Beynon v. R. R., 168 Pa. 642.

The right to move passenger trains at a high rate of speed in the open country is well recognized by the courts of this state: Childs v. R. R., 150 Pa. 73; Newhard v. R. R., 153 Pa. 417; 1 Weimer on Railroad Law, 548; R. R. v. Bell, 122 Pa. 64; Marland v. Pittsburg & Lake Erie R. R., 123 Pa. 487.

In the case at bar we have the bare presumption that the decedent did stop, look and listen, and the evidence is plain and clear and certain that if he did he must have seen the approaching train: Aiken v. R. R., 130 Pa. 380; Irey v. R. R., 132 Pa. 563; Ash v. R. R., 148 Pa. 133; Smith v. R. R., 160 Pa. 117; Blight v. R. R., 143 Pa. 10; Kelley v. R. R., 19 W. N. C. 400; Sullivan v. R. R., 7 Atl. 177; R. R. v. Ritchie, 102 Pa. 425; Gerety v. R. R., 81 Pa. 274; Beach on Contrib. Neg. 243; Myers v. R. R., 150 Pa. 386.

PER CURIAM, March 16, 1896:

In granting the compulsory nonsuit in this case, the learned trial judge said, in substance, that when the deceased was within from thirty to forty feet from the railroad, he could have seen down the track at least a quarter and perhaps half a mile; he had an opportunity to look and to listen. If he stopped and looked, he would have seen the approaching train; he must have seen it, even if he did not hear it. "If he did not stop, and passed on, the rule of law would defeat this action."

These reasons for granting the nonsuit appear to have been warranted by the undisputed evidence in the case, and are equally potent in support of the final judgment. While the case is in some respects a close one, we are not convinced that the learned court erred in refusing to take off the judgment of nonsuit.

Judgment affirmed.