## Patterson *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

210    47
214    ¹221

210    47
217    ¹109

*Negligence—Railroads—Grade crossing—" Stop, look and listen "—Death— Presumption—Rebuttal of presumption—Evidence.*

In an action against a railroad company to recover damages for death at a grade crossing, the presumption is that the deceased did his duty to "stop, look and listen " before driving on the tracks. Whether that presumption is rebutted is for the jury unless the evidence to the contrary is clear, positive, credible, and either uncontradicted or so indisputable in weight and amount as to justify the court in holding that a verdict against it must be set aside as a matter of law.

In such a case the court cannot say as a matter of law that the presumption had been rebutted where three witnesses testify to having seen the deceased as he approached the crossing, and that they did not see him stop, but none of them covered the entire approach, and one of them stated that there was a bump in the road, and that the deceased was back of this long enough to stop.

Argued Oct. 20, 1904. Appeals, Nos. 79 and 103, Oct. T., 1904, by defendant, from judgment of C. P. Washington Co., Nov. T., 1903, Nos. 121 and 122, on verdicts for plaintiffs in cases of Josiah Patterson and Clara B. Patterson v. Pittsburg,

Cincinnati, Chicago and St. Louis Railway Company.    Before
MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER
and THOMPSON, JJ.    Affirmed. ·

Trespass to recover damages for the deaths of John T.
Patterson, husband of plaintiff, Clara B. Patterson, and Sam-
uel W. Patterson, son of Josiah Patterson.    Before MC-
ILVAINE, P. J.

At the trial it appeared that on July 4, 1903, at about noon,
John T. Patterson and Samuel Patterson while riding in a
wagon were killed at a grade crossing by a collision between
the wagon and a passenger train.    The defendant claimed that
the presumption that the deceased stopped, looked and listened
before driving upon the tracks had been rebutted by the proofs.
The testimony on this subject is summarized in the opinion of
the Supreme Court.    In both cases the court refused binding
instructions for defendant.

Verdict for Josiah Patterson for $10,000 on which judgment
was entered for $6,000, all above that sum having been re-
mitted.

Verdict and judgment for Clara B. Patterson for $11,000.

*Errors assigned* in both cases were in refusing binding in-
structions for plaintiff.

*Alex. M. Todd*, with him *James A. Wiley*, for appellant.

*T. F. Birch*, for appellee.

PER CURIAM, November 4, 1904:

These two cases grew out of the same accident and raise the
same question.

The plaintiff was entitled to go to the jury on the presump-
tion that the deceased did his duty to " stop, look and listen " be-
fore driving on the tracks.    Whether that presumption was
rebutted was for the jury unless the evidence to the contrary
was clear, positive, credible, and either uncontradicted or so in-
disputable in weight and amount as to justify the court in
holding that a verdict against it must be set aside as a matter
of law.    The testimony in this case falls short of that standard.

Three witnesses testified to having seen the deceased as he approached the crossing, and that they did not see him stop, but none of them covered the entire approach.    Even Wise, the most important witness of all, testified there was a " bump " (a dip) in the road where he lost sight of the deceased, and in answer to the question " before they (the deceased) went on the track that day did they stop or did they not? " answered " they was back there long enough to stop behind that bump " and being asked to give his best judgment, said " I would say they must have stopped for they was back there long enough to stop."    While there was testimony persuasive that they did not stop, it was not so positive or so complete as to justify the judge in saying as a matter of law that the presumption had been rebutted.

Judgment affirmed.