# Unger *v.* Philadelphia, Baltimore & Washington Railroad Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Presumptions—Evidence.*

A mere presumption of due care on the part of a person killed at a railroad crossing is met by a presumption of equal force of like care on the part of those in charge of the train; or it may be entirely overcome if the facts and circumstances clearly established admit of no other conclusion than that if he had stopped, looked and listened, he would have seen the train. Whether the presumption has been rebutted is for the jury, unless the evidence to the contrary is clear, positive and credible, and either uncontradicted or so indisputable in weight and amount as to justify the court in holding that a verdict against it must be set aside as a matter of law.

In an action of trespass against a railroad company to recover damages for death of plaintiff's husband at a grade crossing, it appeared that the plaintiff at the time of the accident was riding in a butcher's wagon, which was struck by the rear end of a work train of six or seven cars, which was moving backwards. None of plaintiff's witnesses saw the accident. There was evidence that the night was dark, foggy and rainy, that no notice of the approach of the train was given by bell or whistle, that the safety gate was up, that there was no light at the crossing, and that the only light on the rear of the train was a lantern on the platform of the last car. Defendant offered proof that there were three points near the tracks, but separated by intervening sheds or buildings from which a view of the track for half a mile could be had, that the train could be easily seen in motion, and that the deceased had been warned by the watchman of the approach of the train. and had disregarded the warning. *Held,* that the case was for

the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 9, 1907. Appeal, No. 209, Jan. T., 1906, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1903, No. 896, on verdict for plaintiff in case of Freda Unger v. Philadelphia, Baltimore & Washington Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McMICHAEL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Error assigned* was in entering judgment for the plaintiff on the verdict.

*Sharswood Brinton*, with him *John Hampton Barnes*, for appellant.—An uncorroborated presumption of due care on the part of a decedent killed at a railway crossing is, in the absence of evidence of negligence on the part of the train's crew, equalized by the presumption of innocence on the part of the defendant: Haverstick v. Penna. Railroad Co., 171 Pa. 101; Hanna v. Phila. & Reading Ry. Co., 213 Pa. 157.

A presumption of due care is rebutted by circumstantial evidence descriptive of a crossing of such a character that the decedent could not have recovered had he been living, and testified before the jury to the exercise of due care: Connerton v. Del. & Hudson Canal Co., 169 Pa. 339; Seamans v. D., L. & W. R. R. Co., 174 Pa. 421; Hess v. Williamsport & N. Branch R. R. Co., 181 Pa. 492; Penna. R. R. Co. v. Mooney, 126 Pa. 244; Urias v. Penna. R. R. Co., 152 Pa. 326; Haverstick v. Penna. R. R. Co., 171 Pa. 101.

The presumption of due care on the part of a decedent may be rebutted by affirmative oral testimony of eye witnesses: Haverstick v. Penna. R. R. Co., 171 Pa. 101; Hanna v. P. & R. Ry. Co., 213 Pa. 157; Laib v. Penna. R. R. Co., 180 Pa. 503; Haughey v. Pittsburg Rys. Co., 210 Pa. 363; Patterson v. P., C., C. & St. L. Ry. Co., 210 Pa. 47.

108 UNGER v. PHILA., B. & W. R. R. CO., Appellant.

*Louis Bregy*, with him *H. Homer Dalbey*, for appellee.—
Where there is testimony that deceased was seen as he approached a crossing but was not seen to stop, and the witnesses' observation does not cover the entire approach, the testimony is not so positive or so complete as to justify the trial judge in saying as a matter of law that the presumption has been rebutted: Patterson v. Ry. Co., 210 Pa. 47; Penna. R. R. Co. v. Weiss, 87 Pa. 447.

Where plaintiff shows a series of facts from which the inference of negligence on the part of the defendant arises, that inference is sufficient to carry the case to the jury; having once arisen it remains until overcome by countervailing proof; whether so overcome is a question of fact which the court cannot determine: Devlin v. Beacon Light Co., 198 Pa. 583; Laib v. Penna. R. R. Co., 180 Pa. 503; Patterson v. Ry. Co., 210 Pa. 47.

OPINION BY MR. JUSTICE FELL, February 25, 1907:

The plaintiff's husband was killed at a grade crossing of the defendant's road in the city of Chester. He was riding in a butcher's wagon, which was struck by the rear end of a work train of six or seven cars, which was moving backwards. None of the plaintiff's witnesses saw the accident. Her case rested on the presumption that the deceased exercised proper care before driving on the track and upon proof that at the time it was dark, foggy and raining, that no notice of the approach of the train was given by bell or whistle, that the safety gate was up, that there was no light at the crossing, and that the only light on the rear of the train was a lantern on the platform of the last car. Her case was met by proof offered by the defendant that there were three points near the tracks but separated by intervening sheds or buildings from which a view of the track for half a mile could be had, that although the night was dark and rainy, the train could be easily seen and distinguished as a moving train, and that the deceased had been warned by the watchman of the approach of the train and disregarded the warning.

The question raised by the assignments of error is whether the court should have taken the case from the jury. This could not properly have been done. A mere presumption of

due care on the part of the person killed at a railroad crossing is met by a presumption of equal force of like care on the part of those in charge of the train: Haverstick v. Penna. R. R. Co., 171 Pa. 101; Hanna v. P. & R. Ry. Co., 213 Pa. 157; or it may be entirely overcome if the facts and circumstances clearly established admit of no other conclusion than that if he had stopped, looked and listened, he would have seen the train: Connerton v. D. & H. Canal Co., 169 Pa. 339; Seamans v. D., L. & W. R. R. Co., 174 Pa. 421. Whether the presumption has been rebutted is for the jury, "unless the evidence to the contrary was clear, positive and credible, and either uncontradicted or so indisputable in weight and amount as to justify the court in holding that a verdict against it must be set aside as a matter of law:" Patterson v. Pittsburg, etc., Ry. Co., 210 Pa. 47. Where there is any uncertainty as to facts or the inferences to be drawn from them, the case is necessarily for the jury: Cromley v. Penna. R. R. Co., 208 Pa. 445.

There was nothing in the circumstances connected with the accident that rebutted the presumption of due care on the part of the deceased. It cannot be said with certainty that if he looked he saw the train, nor that, if he saw it, he observed in the darkness and storm that it was backing to the crossing, since the natural inference from the position of the engine would be that it would move in the opposite direction. The testimony offered by the defendant to rebut the presumption was far from being clear and indisputable. It was wholly discredited by the jury for reasons satisfactory to the learned trial judge, as we learn from his opinion. The testimony on behalf of the plaintiff to show that no signal of the movement of the train was given was more than merely negative. One of her witnesses, who was walking between the tracks in the direction the train was moving and observed it as it passed him and kept it under observation until the accident, testified positively that neither bell nor whistle was sounded. The plaintiff's case rested upon the presumption of care, unrebutted by proof that would have warranted the court in holding that it was overcome, and upon testimony tending to show negligence on the part of the defendant. It was clearly for the jury.

The judgment is affirmed.