# Jerko v. Buffalo, Rochester & Pittsburgh Railway Co., Appellant.

*Negligence—Railroads—Grade crossings—"Stop, look and listen" —Automobiles—Paying passenger on truck—Contributory negligence—Presumption—Driver's negligence — Warning — Case for jury—Signals—Evidence—Witnesses.*

1. Where, in an accident grade crossing case, several of plaintiff's witnesses, some entirely disinterested, testify that they were listening for signals, and that none was given, the testimony is more than negative, and although contradicted, takes the question, as to whether signals were given or not, to the jury.

2. A truck driver's contributory negligence, if any, at a grade crossing, cannot be imputed to a paying passenger, where there is nothing to rebut the presumption that the passenger exercised reasonable care for his own safety.

3. In such case, where the driver stopped, looked and listened at the proper point, he will be presumed to have proceeded with due

care, and the passenger was not bound to interfere until the contrary appeared.

4. Whether the passenger saw or should have seen an approaching train in time to have warned the driver and failed to do so was for the jury.

5. A passenger is not required to warn the driver of what the latter already knows and appreciates. He is not bound to so high a degree of care as is required of the driver.

6. Where there is doubt as to the facts or the inferences to be drawn from them, the question of the passenger's contributory negligence is for the jury.

Argued September 26, 1922. Appeal, No. 158, Oct. T., 1922, by defendant, from judgment of C. P. Jefferson Co., Jan. T., 1921, No. 45, on verdict for plaintiff, in case of Mary Jerko v. Buffalo, Rochester & Pittsburgh Railway. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before CORBET, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,229. Defendant appealed.

*Error assigned,* inter alia, was refusal of motion for judgment n. o. v., quoting record.

*W. C. Miller,* with him *H. B. Hartswick, John G. Whitmore* and *C. Z. Gordon,* for appellant.—Jerko concurred in the negligence of the driver: Dunlap v. P. R. T., 248 Pa. 130; Vocca v. R. R. Co., 259 Pa. 42; Lauderberger v. Transit Co., 261 Pa. 288; Hardie v. Barrett, 257 Pa. 42; Eline v. Ry., 262 Pa. 33; Martin v. R. R., 265 Pa. 282; Hill v. P. R. T., 271 Pa. 232; Cohen v. P. R. T., 228 Pa. 243; Williams v. Edison Co., 267 Pa. 158; Moses v. Ry., 258 Pa. 537; Bernstein v. R. R., 252 Pa. 581; Reigner v. R. R., 258 Pa. 257; Lessig v. Reading T. & L. Co., 270 Pa. 299.

*Charles J. Margiotti,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This suit is the outgrowth of a crossing accident. Mahoning Street, extending through the Borough of Punxsutawney in an easterly and westerly direction, is crossed at grade and practically at right angles by the Walston branch of the defendant's railroad, at what is known as the West End crossing. On the morning of July 6, 1920, plaintiff's husband, Mike Jerko, with ten other men, was being conveyed easterly along this street in an autotruck, as a passenger for hire, by one George Armstrong. Five passengers were seated on each side of the truck and one sat in front with the driver. When Armstrong came within twenty-six feet of the crossing he stopped the truck, looked in both directions and listened, but neither saw nor heard a locomotive or cars. There is a sharp curve in the railroad track south of the crossing and an engine approaching thereon can be seen only three hundred and thirty feet from the place where Armstrong stopped to look and listen, which was the usual and proper place for that purpose. He then started forward on low gear, at a speed of about three miles an hour, keeping a lookout in both directions, but his attention was somewhat given to his truck, the steering of which was more difficult because of an electric railway track in the street. As the front wheels of the truck came to the first rail of defendant's track, Armstrong saw a light engine rapidly approaching from the south and about one hundred feet from the crossing; seeing a collision was unavoidable he attempted to turn north and the engine struck the truck back of its front wheel, killing Jerko who was seated there. This appeal by defendant is from judgment entered on a verdict in favor of his widow for the damages thereby sustained.

Appellant's only complaint is the refusal of the trial judge to withdraw the case from the jury, but that could not properly have been done. The crossing is over a much traveled street in a built-up section of a borough of approximately ten thousand people, and, according to

plaintiff's evidence, the engine came onto the street at thirty miles an hour, without giving warning of its approach by bell, whistle or otherwise. True, as to both speed and signals, this evidence was flatly contradicted by that for defendant, but the facts were for the jury. Several of plaintiff's witnesses, some entirely disinterested, said they were listening for signals and none was given. This was more than negative testimony and, although contradicted, took that question to the jury: Hugo v. Baltimore & O. R. R. Co., 238 Pa. 594; Buckman v. Phila. & R. Ry. Co., 232 Pa. 351; Unger v. Phila., B. & W. R. R. Co., 217 Pa. 106, 109.

On the question of the truck driver's contributory negligence we express no opinion, for his lack of care, if found, could not be imputed to a passenger: Wolf et ux. v. Sweeney, 270 Pa. 97; Senft v. Western Maryland Ry. Co., 246 Pa. 446. It is presumed the deceased exercised reasonable care for his own safety and the record discloses nothing which, as matter of law, rebuts this presumption. Jerko was the third passenger from the driver's seat, facing north, and the evidence is that when the truck stopped he turned his head and looked south in the direction from which the engine came, and that it was not then in sight. The driver having stopped, looked and listened, as the law requires, would be presumed to proceed with due care, and the passenger was not bound to interfere until the contrary appeared. There is nothing to show the driver knowingly attempted to pass in front of the engine or that the deceased joined him in taking such risk. Whether Jerko saw or should have seen the approaching engine in time to warn the driver and failed to do so was for the jury. A passenger is not required to warn the driver of what the latter already knows and appreciates; to do so would tend to increase the danger: Vocca v. Penna. R. R. Co., 259 Pa. 42; Beck v. Director General of Railroads, 268 Pa. 571. The passenger must exercise reasonable prudence for his own safety (Dunlap v. Phila. R. T. Co.,

248 Pa. 130) but not so high a degree of care as is required of the driver: Azinger v. Pa. R. R. Co., 262 Pa. 242. The instant case is not like Martin v. Penna. R. R. Co., 265 Pa. 282, where the passenger, who was held guilty of negligence, sat by the chauffeur and knowingly and without protest suffered the latter to violate a fixed rule of law by driving upon the railroad tracks, without stopping to look or listen; nor is it like that of Hill v. Phila. Rapid Transit Co., 271 Pa. 232, where the passenger, with better means of observation than the chauffeur, suffered the latter, without protest, to drive in front of a plainly visible approaching electric street car by which the automobile was almost immediately struck. Where, however, there is doubt as to the facts, or the inferences to be drawn from them, the question of the passenger's contributory negligence is for the jury. In the language of the present Chief Justice in Minnich v. Easton T. Co., 267 Pa. 200, 204, "The extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination." See also Beck v. Director General of Railroads, supra; Wanner v. Phila. & R. Ry. Co., 261 Pa. 273; Howett v. Phila., Wil. & Balt. R. R., 166 Pa. 607.

The assignments of error are overruled and the judgment is affirmed.