## Perry *v.* Ryback, Appellant.

560

Argued December 3, 1930. Before FRAZER, C. J.,
WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and
MAXEY, JJ.

*John A. Spaeder,* with him *Homer T. Eaton,* of *Marsh & Eaton,* for appellant.—Where those riding in a car are engaged in a common purpose or enterprise, they are not to be considered merely guests, but are held equally responsible for the negligent conduct of the driver which produces the injury: Campagna v. Lyles, 298 Pa. 352; Kilpatrick v. Transit Co., 290 Pa. 288; Hoffman v. R. R., 278 Pa. 246; Griffiths v. Traction Co., 292 Pa. 489; Curran v. R. R., 299 Pa. 584; Martin v. R. R., 265 Pa. 282.

The rule is well established that when possible dangers, arising out of the negligent operation of a motor vehicle in which one is riding, are manifest to a passenger, who has an adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, this is negligence which will bar recovery: Hardie v. Barrett, 257 Pa. 42; Otis v. Kolsky, 94 Pa. Superior Ct. 548; Rhodes v. R. R., 298 Pa. 101.

Evidence of character is not admissible in civil suits except where it is directly in issue: Blackburn v. Holliday, 12 S. & R. 140; Am. F. Ins. Co. v. Hazen, 110 Pa. 530.

The instruction as to damages was erroneous: Muncey v. Taxi Co., 269 Pa. 97; Baxter v. Ry., 264 Pa. 467; Pietro v. Traction Co., 298 Pa. 423.

*Charles H. English,* with him *Frank B. Quinn,* of *English, Quinn, Leemhuis & Tayntor,* for appellee.—Assuming that Perry and defendant were engaged in a common venture or joint enterprise, that would not preclude plaintiff from recovering under the facts in this case: Johnson v. Hetrick, 300 Pa. 225.

There is not a scintilla of evidence in this case to establish that Perry was guilty of contributory negligence, and, whatever the necessary care on his part, the presumption is that it was exercised.

Under the evidence in this case there was no reason for Mr. Perry to protest until immediately prior to the accident and the presumption is, whatever the degree of care was necessary at that time, that Mr. Perry exercised the same: Unger v. R. R., 217 Pa. 106; Hartig v. Ice Co., 290 Pa. 21.

Evidence as to the habits of the deceased was properly admissible: P. R. R. v. Butler, 57 Pa. 335; McHugh v. Schlosser, 159 Pa. 480.

The evidence as to the earnings of the deceased was properly admitted.

OPINION BY MR. JUSTICE KEPHART, January 5, 1931:

Lytle Perry, Bernie Ryback, and another, members of a hunting party, were driving along the Roosevelt Highway in Ryback's car shortly after noon on November 30, 1927. Ryback, who was driving from fifty to sixty miles an hour in a very hard rain, attempted to go around an "S" curve. The car slid off the road, broke a telephone pole in half, turned over and killed Perry. Deceased's widow brought this action, for herself and children, against Ryback and recovered a verdict. On judgment in her favor this appeal followed.

Appellant contends that his negligence should be imputed to Perry, since they were engaged in a joint enterprise. Whether or not the journey was a joint enterprise is immaterial to the determination of this case. That doctrine is applicable only where one of the parties to the enterprise sues a third party. "Where the action is brought against a third party, the rule is that the negligence of one member of the joint enterprise within the scope of that enterprise will be imputed to the other. ...... When the action is brought by one member of the enterprise against another, there is no place to apply the doctrine of imputed negligence...... The situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person": Johnson v. Hetrick, 300 Pa. 225, 233.

Where the action between parties to a joint enterprise is for injuries from a negligent act, it will be treated as an ordinary action for injuries as a result of negligence. The general rule may be stated as follows: When two or more persons are engaged in any pursuit whether it is pleasure, business, mutual convenience or fellowship, each owes to the other the duty to exercise due care in their relation so that no injury shall happen through a neglect of that duty. The care required in such relation is what men of ordinary prudence would use in similar circumstances. The fact that the mutual safety of the persons in the relation depends on the exercise of care by all, does not enlarge or emphasize the duty. It is ordinary care under the circumstances. Where one in that relation fails to perform that duty he is responsible for the resultant injury. The rights of the parties as to each other, with regard to the duty enjoined, are separate and distinct, even though one of the parties in the relation is dependent. What constitutes a failure of duty is a relative term and must depend on the facts of each case. The owner of an automobile is liable to his guest or passenger if he negligently operates his car to

the injury of his guest or passenger. We do not here determine liability if the car is driven other than by the owner.

While this liability is thus fixed on one of the parties of the enterprise through his negligent acts, there is a duty imposed on the other party, the deceased in this case. It has been stated in many of our cases, that, where the action is against third persons, the duty thus resting on the other party is to caution, warn, remonstrate or protest to the driver as to his fast or careless driving: Curran v. Lehigh Valley R. R., 299 Pa. 584, 591. See Kilpatrick v. P. R. T., 290 Pa. 288, 294, 2d and 3d paragraphs and page 295. Also Campagna v. Lyles, 298 Pa. 352, 357, and cases there cited. The same rule applies where the action is between the parties of a mutual venture. It was the duty of the deceased, when he noticed Ryback driving at the rate of speed as here testified, to protest or warn him against it. If he failed to perform this duty, he was guilty of contributory negligence; the law would assume under such circumstances that he was satisfied with the operation of the car, and that he was willing to join Ryback in the hazard or in taking a chance on the result of fast driving.

But as appellee's husband is dead, the law presumes that he used due care, that is, that he did protest or remonstrate with Ryback as to his driving: Johnson v. Hetrick, supra. The presumption of due care on the part of the deceased may be rebutted, in appellee's case, by incontrovertible physical facts, that is, such facts as a court will take judicial notice of (Patterson v. Pittsburgh Ry. Co., 210 Pa. 47; Unger v. P., B. & W. R. R. Co., 217 Pa. 106; Hartig v. American Ice Co., 290 Pa. 21, 30, 31), or by evidence as indicated in Hartig v. American Ice Co., supra. Where any such facts are present or such evidence is presented and plaintiff's case depends solely on the presumption, it must fail for want of sufficient evidence. Where the effort to rebut the presumption is by other evidence, the credibility of the wit-

nesses is necessarily for the jury. Where there is an uncertainty as to the facts or the inferences to be drawn from them, the case is necessarily for the jury: Hartig v. American Ice Co. et al., supra.

There are neither admitted nor incontrovertible physical facts nor uncontradicted oral and written testimony of disinterested witnesses here to rebut the presumption. There may be some inferences but these are not sufficient, as a matter of law, to overcome the presumption. What evidence there was on the subject, and it was all negative, was properly submitted to the jury.

Appellant contends that there are a number of alleged trial errors sufficient to cause a reversal. They are as follows: (1) The court below permitted evidence to be introduced showing deceased's habits and ability as a lawyer. (2) The stenographer was erroneously allowed to refresh her recollection of his earnings from the income tax return and ledger which she had kept. (3) That it was impossible to distinguish from plaintiff's testimony between the personal earnings of the deceased and the return from capital invested. (4) The court did not charge fully on contributory negligence.

As to the question stated in one and three, the rule as to the measure of damages is fully stated in Gaydos et al. v. Domabyl, 301 Pa. 523. We there said that the jury may take into consideration deceased's "age, ability, disposition to labor, his habits of life, and expenditure": P. R. R. v. Butler, 57 Pa. 335, 338; Mansfield Coal Co. v. McEnery, 91 Pa. 185, 189; McHugh v. Schlosser, 159 Pa. 480, 486; Burns v. P. R. R., 219 Pa. 225, 228. Appellant argues that evidence of character and reputation was offered and admitted. Neither the assignments of error nor the record disclose any such condition. There was no effort to prove character or reputation. It is common knowledge that a lawyer of outstanding ability or of average capacity and good

habits will possess a larger clientele and will receive a greater remuneration than the lawyer of limited ability.

Where it is impossible to distinguish between personal earnings of the individual and the return from capital invested in the labor of others, the net income or net results from such business should not be considered in determining the amount of damages to which the claimant is entitled: Baxter v. Phila. & R. Ry. Co., 264 Pa. 467. But there is no such impossibility in the evidence in this case. Appellee's husband was a lawyer, and also published the Erie County Law Journal. The net income from the law practice and the journal were given, and there was testimony that more than half the income came from the law practice. Appellant had every opportunity to check the reliability of this testimony. The books, with these charges entered, were in court. The witness testified from them, and when appellant was asked if he wished to have the items read, he specifically declined to have this done. The evidence was only important to show that his earnings were sufficient each year to give to his wife and children what, as was testified to, they received before his death. Such contributions are the basis for the measure of damages as will be seen later. They did not comprise all his earnings and were a few hundred dollars over one half of his net income. The verdict of $8,000 shows that the jury was very considerate in its conclusion. The charge of the court was full and explicit on the question of damages, following closely the opinion of Mr. Justice WALLING in Glasco v. Green, 273 Pa. 353; and the charge was fully supported by the evidence.

While defendant's assignments of error do not cover the second question, we will consider the use of the ledger by the witness to refresh her recollection, she having made the entries of charges and being familiar with the facts. It is argued that such evidence was insufficient for the court to base any charge as to the

measure of damages, relying on Muncey v. Pull. Taxi Serv. Co., 269 Pa. 97, since the evidence was not the best evidence to prove the fact at issue.

There is no general rule that the best evidence must be introduced or that better evidence must be introduced before inferior evidence: Wigmore on Evidence, volume 2, section 1173, 1174. The application of the best evidence rule is ordinarily confined to primary and secondary evidence and relates largely to the production of documents, as where one desires to prove the terms of a writing. Production of the original or an exact duplicate must be made unless its absence is satisfactorily explained. Here there is no attempt to prove the contents of a writing but to show the amounts of deceased's earnings. For this purpose, written or oral testimony is clearly admissible. Books of original entry are not necessarily the only evidence nor the best evidence of a given state of facts but a party may make out his case as to such facts by the testimony of a witness. See Wigmore on Evidence, supra, also Henry's Pa. Trial Evidence, section 97, and authorities cited. Books of account are always competent to refresh the memory of a witness who had personal knowledge of a transaction: Nichols v. Haynes, 78 Pa. 174, 176; Hottle v. Weaver, 206 Pa. 87, 89. See Croushore's Est., 79 Pa. Superior Ct. 286, 289. The fact that the latter may be more accurate is a matter for the jury.

Defendant relies on Muncey v. Pull. Taxi Serv. Co., supra, but the case does not control the instant one. Plaintiff there, who conducted a detective agency, merely stated he made $10,000 a year. This was an approximation of his earnings. We held that as no effort was made to give any detailed account or description of his business or gross receipts and expenses, or in any manner to depict what he was doing, the evidence was not sufficient, it was merely a guess at earnings, in-

sufficient on which to base a claim for damages. The court distinctly held that it was not always necessary to produce books to prove damages in a personal injury case.

The stenographer, testifying from the ledger, stated that she took the accounts she received from each person and kept them in the ledger and added them up. There were receipts from deceased's law and publishing business. With the book before her she stated his net income per year was $5,700. All the evidence was admitted without objection. She stated that the receipts from the legal journal were nearly half of the net receipts. The evidence was sufficient for the jury to find deceased's earning power as it related to the contribution made to his family. Even if an objection had been made we would not regard it as serious.

The learned trial judge endeavored to charge the jury on the question of contributory negligence as fully as it was possible for him to do, requesting appellant to point out in what respect his charge was insufficient. As we read the charge it more than protected appellant's rights. The verdict was reasonable; the case was free from error.

The judgment of the court below is affirmed.