## Book et al. v. Book

*William B. Arnold* and *H. Edgar Sherts,* for plaintiffs.
*Zimmerman, Myers & Kready,* for defendant.

SCHAEFFER, J., January 12, 1934.—In his proceeding the plaintiff asks for an order of court to compel defendant to produce a certain written record in the defendant's possession, to enable plaintiff to prepare and file the statement of claim in an action of assumpsit to recover for bread and bakery products sold and delivered by A. M. Book, deceased, to the defendant from about April 1, 1918, to April 1, 1929. It is alleged in plaintiff's petition that the running account is not barred by the statute of limitations on account of an admission of liability and a partial payment during the statutory period. It is alleged that the original books of entry of A. M. Book, deceased, containing the itemized daily charges against defendant between April 1, 1918, and October 25, 1920, have been lost, mislaid, or destroyed and that the later books of original entry belonging to said decedent, covering the period from October 1920 to April 1, 1929, show only the following lumped charges against defendant with reference to said prior period to October 25, 1920, as carried forward from the prior books, which cannot be found:

398 loaves of bread at  9 cents............................ $35.82
326 loaves of bread at 10 cents............................  32.60

$68.42

The defendant in his answer denies liability and avers "that he does not have in his possession a written book or other record showing the itemized account of amounts due from the defendant to the plaintiff". This is a qualified answer

to paragraph 5 of plaintiff's petition. It was stated at the argument that the defendant apparently has in his possession a memorandum or record kept by himself of the number of loaves or articles sold and delivered by A. M. Book, now deceased, to him during the period in question, but not the amounts or prices thereof. There is no allegation, however, as to how or when these memoranda were kept or written.

In Corwin v. Animal Trap Co., 16 Dist. R. 408, the plaintiff was allowed to examine books of the defendant in order to prepare his statement of claim. Judge Hassler in his opinion said: "As the plaintiff was to receive commissions on all goods sold for export, according to the terms of the contract, whether the orders came from foreign countries direct or exporters, it will be seen that much information necessary to enable plaintiff to make out his claim is in the exclusive possession of defendant, and must, in the necessary course of business, appear on its books. It seems but fair, therefore, that he should be entitled to inspect said books for the purpose of obtaining such information".

In Long v. Miller, 17 Dist. R. 578, the court ordered the production of a document prior to trial to enable plaintiff to prepare the declaration, when there was only one copy of an agreement between the parties. Judge Landis in his opinion said (p. 579): "There is no hardship in compelling a party in possession of pertinent evidence to produce it in court, or give a satisfactory reason for not doing so. The interests of justice which require this are superior to the passions or even the interest of parties, and these should not be permitted to cloud, much less suppress, the light which is needed to guide the course of justice."

These decisions are sound law, but they are distinguishable from the instant case. In the case of Corwin v. Animal Trap Co., supra, the plaintiff claimed commissions, and it was necessary for him to inspect books which were in the exclusive possession of the defendant to obtain the necessary information. In Long v. Miller, supra, there was only one copy of the agreement between the parties, which was in the possession of the adverse party.

Judge Landis, in Pioso v. Equitable Life Assurance Society of the United States, 12 Dist. R. 51, sets forth the reason for allowing the production of the insurance policy in possession of the defendant company: "Where the action is *ex contractu*, and there is but one instrument between the parties, which is in the possession or power of the defendant, to which the plaintiff is either an actual party or a party in interest, and of which he has been refused an inspection upon request, and the production of which is necessary to enable him to declare against the defendant, the court . . . may . . . rule . . . the defendant to produce the document, or give him a copy for that purpose."

In Raub v. Van Horn, 133 Pa. 573, the Supreme Court, in construing the Act of February 27, 1798, 3 Sm. L. 303, decided that the right to an order upon the opposite party for the production of the books and papers of the latter is confined to their production on the trial of the cause, unless where the parties have a common interest in the instruments of evidence called for.

The information sought to be produced in the case at bar is practically a memorandum made by the defendant. The defendant is living and can testify, and possibly such memorandum might be used by him to refresh his recollection in testifying. The plaintiff and defendant have no common interest in it. In Hottle v. Weaver, 206 Pa. 87, it was decided in an action on a promissory note that an unsigned memorandum made by defendant in his book of original entry is not in itself admissible and is available only to refresh the witness' recollection.

464

While the production and inspection of this statement or memorandum kept by defendant are sought for the purpose of preparing the plaintiff's statement of claim, nevertheless, it seems immaterial whether it is intended to enable the party to frame his pleading or to be used as evidence, if the paper is not the kind of instrument wherein the parties have a common interest. To extend this right of production and inspection to books and papers indiscriminately would be fraught with danger and injustice.

Accordingly, the court is of the opinion that the paper or memorandum apparently in the possession of the defendant is not of such a nature that the court can order its production and inspection on behalf of the plaintiff, and the rule to produce the same is hereby discharged.

From George Ross Eshleman, Lancaster, Pa.