## Evolo Liquor License Case.

Argued June 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*J. Leonard Langan,* Assistant Attorney General, with him *Arthur T. Gillespie, Jr.,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Bernard J. Sheeler,* for appellee.

OPINION BY MONTGOMERY, J., September 17, 1964:

The appellee's distributor license issued by the Pennsylvania Liquor Control Board was suspended by the board for 20 days because of an alleged violation, viz., ". . . the licensee, his servants, agents or employees possessed within this Commonwealth liquor which had not been purchased from a Pennsylvania Liquor Store on January 2, 1961, and packages or containers, while containing the said liquor, did not bear the official seal of the Pennsylvania Liquor Control Board on January 2, 1961."

The licensee appealed to the Court of Common Pleas of Schuylkill County, which sustained it for the reason that, "At the hearing de novo in this Court, the Commonwealth rested without producing any proof of the alleged violations."

The record discloses that the introduction of evidence to establish the violation was prevented by the objection of counsel for the licensee to the search warrant offered as Commonwealth's Exhibit No. 1, which was sustained by the court. Two reasons for the objection were given: (a) the exhibit was not the original search warrant, and (b) it did not comply with Article I, Section 8, of the Constitution of Pennsylvania.

We are of the opinion that the record clearly demonstrates that the copy of the search warrant offered was a duplicate original since it was made in the same process with the copy retained by the issuing magistrate and bore his signature and seal. Such a copy is considered the best evidence. *Perry v. Ryback,* 302 Pa. 559, 153 A. 770 (1931); *Cobb's Executor v. Burns and Wife,* 61 Pa. 278 (1869); 14 P.L.E. Evidence §118.

The record shows also that the constitutional sufficiency of the warrant was not considered by the lower court.

Therefore, the action of the court must be reversed and the case remanded for a hearing de novo, at which the sufficiency of the warrant may be considered and the Commonwealth afforded the opportunity of presenting all admissible evidence it may have in support of its finding of a violation of the Liquor Control Act.

Order reversed and case remanded for a hearing de novo.

WRIGHT, J., concurs in the result.