# Sisson *v.* Philadelphia, Appellant.

*Negligence—Municipalities — Defect in street — Notice of defect—Automobile—Injury to passenger—Contributory negligence —Imputed negligence—Case for jury.*

1. In· an action by a passenger in an automobile against a municipality to recover damages for personal injuries sustained by reason of a defect in a public street, the case was for the jury and a verdict for the plaintiff will be sustained, where it appeared that the street had been negligently maintained at the point of the accident and that the city had had actual notice of such condition for several weeks or perhaps months prior thereto.

2. In such case the court properly charged that if the chauffeur driving the car was not acting under the control of the plaintiff or she did not join with him in testing a manifest danger, his contributory negligence could not be imputed to her; but if he was under her control and they joined in testing a manifest danger, his contributory negligence could be charged against her.

Argued Jan. 21, 1915. Appeals, Nos. 131 and 132, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1912, No. 2039, on verdict for plaintiff in case of Mary Sisson, by her father and next friend, Thomas Sisson, and Thomas Sisson v. City of Philadelphia. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries. Before BALDRIGE, J., specially sitting.

From the record it appeared that at the time of the accident plaintiff was riding in an automobile as the guest of the owner's chauffeur, who was driving it. The automobile struck a deep hole in the asphalt street causing the steering wheel to be wrenched from the driver's hands and the automobile to strike a telegraph pole.

Further facts appear by the opinion of the Supreme Court.

Verdict for Mary Sisson, plaintiff, for $7,500 and for

Thomas Sisson for $1,050ʻ and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Paul Reilly,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.

*John J. McDevitt, Jr.,* with him *Samuel G. Stem,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 8, 1915:

This is the ordinary case of an injured party seeking to recover damages for personal injuries resulting from negligence. No complicated question of law is involved and the material facts are not in dispute. The case was for the jury both as to the negligence of defendant as well as the contributory negligence of plaintiff, and it was so submitted. The assignments of error relate almost entirely to the details of the trial. They are too numerous to be considered separately in an opinion of reasonable length, and we cannot undertake to discuss them in detail. Both sides to the controversy were represented by capable counsel, and the learned trial judge was fair and impartial in the presentation of the case to the jury. The ground was contested, inch by inch, by the respective counsel, whose zeal is made apparent by reading the record here presented. Every phase of the law relating to the liability of municipalities in such cases was carefully explained by the trial judge in his charge to the jury and in answer to points. The matters complained of by appellant relate in most instances to minor and unimportant details of the trial, and in our opinion nothing therein suggested would warrant a reversal of the judgment. The evidence was ample to sustain a finding that the street had been negligently maintained at the point of the accident, and that the city had

not only constructive but actual notice of the dangerous condition for several weeks or perhaps months prior to the time when plaintiff was so severely injured. Appellant attempts to make a point about the instructions of the. trial judge in reference to the alleged negligence of the chauffeur being imputed to the injured person. In this connection it is important to keep in mind that Mary Sisson was a passenger in the automobile, and as the testimony discloses was not responsible in any way for the employment of the chauffeur. But upon this exact point the learned trial judge instructed the jury as follows:

"We say to you, as a matter of law, that if this chauffeur was not acting under her control, or she did not join with him in testing a manifest danger, then, even though he was guilty of contributory negligence, it could not be imputed to her. If he was under her control or they joined in testing a manifest danger, and he was guilty of contributory negligence, then his contributory negligence could be charged up against her."

This is but part of the charge relating to that branch of the case. The learned trial judge very carefully instructed the jury as to the law applicable to the facts of the case as developed at the trial. Under what circumstances the negligence of a driver may be imputed to a passenger, and when it may not be, was clearly explained in the charge, and the jury could not have been misled by anything said upon this question.

A volume might be written upon the various questions raised by the numerous assignments of error without adding anything of value to the discussion of the legal principles upon which the right to recover depended. Our conclusion is, after a careful examination of the entire record, that nothing called to our attention is sufficient to constitute reversible error. The case was for the jury; it was carefully tried; it was intelligently considered; and the evidence was ample to sustain the verdict.

Judgments affirmed.