# Weber, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways — Horse and wagon — Right angle collision — Contributory negligence — Judgment for defendant n. o. v.*

In an action against a street railway company to recover damages for the death of plaintiff's husband caused by a right angle collision between a wagon driven by the deceased and one of defendant's cars, judgment was properly entered for defendant n. o. v., where it appeared that if deceased had looked before attempting to cross the track he would have seen the car coming rapidly towards him and so close that he could not have crossed in safety.

Argued Jan. 22, 1917. Appeal, No. 256, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1914, No. 3753, for defendant non obstante veredicto in case of Katharine Weber, Administratrix of the Estate of Franz Weber, Deceased, v. Philadelphia Rapid Transit Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before STAPLES, P. J., specially presiding.

From the record it appeared that Franz Weber, the original plaintiff, was driving a two horse team attached

to a brewery wagon east on Cambria street, in the City of Philadelphia. When he reached Forty-first street he started to drive across the track of the defendant company. Just after his horses' heads were over the track he turned them north on Forty-first street in an attempt to avoid a collision with one of defendant's cars coming north on said track. The horses and wagon cleared the tracks but the car struck the hub of the right front wheel of the wagon throwing the plaintiff therefrom and causing the injuries from which his death ensued.

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $7,045. The court subsequently entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*R. W. Archbald, Jr.,* of *Ehrlich & Archbald,* for appellant.

*Howard H. Yocum* and *Charles Biddle,* for appellee, were not heard.

PER CURIAM, February 26, 1917:

While there is some difference in the recollection of the witnesses in this case as to the actual facts, they all agree that the collision occurred almost immediately after the deceased attempted to drive on the track, and the correct conclusion of the court below was that, if he had looked, as it was his duty to do, he would have seen the car running rapidly towards him, so close to where he was about to cross as to have made it contributory negligence on his part to attempt to take the risk. For this reason the judgment for the defendant non obstante veredicto is affirmed.