# Volk *v.* Springhouse & Hilltown Turnpike Road Co., Appellant.

*Negligence—Turnpike companies—Automobiles—Hole in road.*

A turnpike company is not an insurer of the safety of every person who travels over its road, and it is not liable merely because an accident happens by reason of some defect in the road. When charged in an action at law with liability for an injury received by one in traveling over the highway, it is under the same rules of evidence as any other corporation or individual that is charged with liability for an injury, that is, the plaintiff must prove negligence in the offending party to establish his case.

The duty of a turnpike company to keep its road in a travelable condition is higher than that exacted from municipal authorities. The obligation resting on municipal authorities is to keep the road reasonably safe for public travel. Turnpike companies are bound to keep their roads in repair and safe condition, inasmuch as the payment of tolls is a consideration for the undertaking on the part of the corporation to furnish a safe road for the use of the traveler.

In an action against a turnpike company to recover damages for personal injuries sustained by a heavy woman being thrown from the rear seat of a small automobile, when the machine struck a hole in the defendant's road, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where it appears that the hole had been in the road for a time sufficient to charge the defendant with constructive notice, that the automobile, the ownership of which was not disclosed, was driven by plaintiff's son seventeen years of age, a registered and competent driver, and that the machine was going at the rate of fifteen miles an hour.

In such a case the court could not say as a matter of law that negligence of the driver, if any, was imputable to the mother; nor could it say that the plaintiff in riding in the rumble seat of the car at the time, was negligent.

494 VOLK *v.* SPRINGHOUSE & H. TPK. R. CO., Appellant.

Statement of Facts—Assignment of Error. [66 Pa. Superior Ct.

Argued Dec. 4, 1916. Appeal, No. 96, Oct. T., 1916, by defendant from judgment of C. P. Montgomery Co., Oct. T., 1914, No. 255, on verdict for plaintiff in case of Albert Volk and Augusta C. Volk v. Springhouse & Hilltown Turnpike Road Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MILLER, J.

The facts are stated in the opinion of the Superior Court.

At the trial defendant presented the following points:

"1. If the jury believe that the motor car of the plaintiff was driven down hill at a rapid rate, going from side to side to such an extent as to leave the macadam of the road, and thus getting to the soft road on the side, that there can be no recovery in this case, and the verdict must be in favor of the defendant." Answer, refused. (1)

"3. That if the jury believe the roadway was in good condition, sufficiently wide for two vehicles to readily pass, and the motor car in which the plaintiff was riding left the macadam, through the carelessness of the driver or the motor car was driven at a dangerous rate of speed, and the accident happened as a result of either of these two contributing causes, that the verdict must be in favor of the defendant." Answer, refused. (2)

The court charged in part as follows:

["That court has said that a corporation such as this which is bound to keep its highway in repair and safe condition is liable for all injury caused by its neglect to do so, and it is immaterial whether the neglect was wilful or otherwise."] (3)

Verdict and judgment for Albert Volk for $260, and for Augusta C. Volk for $1,000. Defendant appealed.

*Error assigned,* among others, was (1-3) above instructions quoting them.

493, (1917).]    Arguments—Opinion of the Court.

*J. P. Hale Jenkins* and *Bayard Henry*, with them *Gerald Ronon*, for appellant.—The plaintiffs did not exercise due care in driving an automobile particularly of the type in which they were riding, down hill, on a very dark night, at the rate of fifteen miles an hour: Winner v. Oakland Township, 158 Pa. 405; Hill v. Tionesta Township, 146 Pa. 11; Pittsburgh Southern Railway Co. v. Taylor, 104 Pa. 306.

It was the duty of the defendant to keep the roadway in a reasonably safe condition for ordinary travel: Clulow v. McClelland, 151 Pa. 583; McCormick v. Washington Twp., 112 Pa. 185.

*Joseph W. Catharine*, with him *Samuel Eugene Kuen*, for appellees.—The defendant was bound to maintain a safe road: Rapho, Etc., Twp. v. Moore, 68 Pa. 404; Bucher v. Northumberland County, 209 Pa. 618 Lancaster Ave. Imp. Co. v. Rhoads, 116 Pa. 377; Davis v. Lamoille Plank Road Co., 27 Vt. 602.

The case was for the jury: Born v. Allegheny, Etc., Plank Road Co., 101 Pa. 334; Kreider v. Lancaster, Etc., Turnpike Road, 162 Pa. 537.

OPINION BY KEPHART, J., March 16, 1917:

The duty of a turnpike company to keep its road in a travelable condition is higher than that exacted from municipal authorities. The obligation resting on municipal authorities is to keep the road reasonably safe for public travel. In Born v. Allegheny, Etc., Plank Road Co., 101 Pa. 334, and Lancaster Ave. Improvement Co. v. Rhoads, 116 Pa. 377, it is held that turnpike corporations are bound to keep their roads in repair and safe condition. As stated by Justice CLARK, in Improvement Co. v. Rhoads, supra: "In such cases the liability to pay tolls is a consideration for the undertaking on the part of the corporation to furnish a safe road for the use of the traveler as an equivalent. It is the same in principle as any other case where service is performed

for pay." A turnpike company is not an insurer of the safety of every person who travels over its road, and it is not liable merely because an accident happens by reason of some defect in the road. When charged in an action at law with liability for an injury received by one in traveling over the highway, it is under the same rules of evidence as any other corporation or individual that is charged with liability for an injury, that is, the plaintiff must prove negligence in the offending party to establish his case. The doctrine of res ipsa loquitur does not apply. The evidence shows that the hole in the turnpike existed for a time sufficient to charge the defendant with constructive notice, and the court did not commit error in charging with respect to the duties of the defendant, especially as it charged in the exact language of the Supreme Court. The third assignment of error is overruled.

The matters contained in the second assignment of error are fully met by the charge of the court. This assignment is dismissed.

Augusta E. Volk, wife of Albert Volk, on October 5, 1913, was injured by being thrown from the rear seat of an automobile, when it struck or fell into a ditch, hole or depression in the defendant's road. The automobile was driven by the plaintiff's son, seventeen years of age, a registered driver, and is shown competent to drive a car. There is nothing in the evidence that would justify the court in saying as a matter of law that negligence of the driver, if any, was imputable to the mother: Little v. Central Dist., Etc., Telegraph Co., 213 Pa. 229. It does not appear who owned the car. The court submitted the question of imputed negligence to the jury. This is as much as the defendant had a right to expect under the facts in this case. Nor could the court declare that the plaintiff, in riding in the rumble seat of the car, going at a speed of fifteen miles an hour, was negligent. Her weight, the style of car used, the manner and speed in

which it was driven, and other circumstances, were questions for the consideration of the jury. This, the first assignment of error, overlooks in its request for instruction the question of imputed negligence, the control of the mother over her son, and the fact that the driver's father was also in the car. The court was not in error in declining to affirm the point presented in this assignment.

We think the testimony of Albert Volk in rebuttal was admissible to contradict the testimony of the defendant's superintendent. The fourth assignment of error is overruled.

Judgment affirmed.