## Keinath *v.* Bullock, Receiver, Appellant.

*Negligence—Street railways—Automobiles — Guest — Contributory negligence—Evidence—Presumption from location of parties —Proximate cause.*

1. Where a guest in an automobile is seated in the rear of the machine, and has no control whatever over its operation, the negli-

gence of the driver, in contributing to a collision with a street car, cannot be imputed to the guest.

2. Where a guest in an automobile was found, immediately after a collision between the automobile and a street car, lying at the intersection of the streets where the accident occurred, the inference is that the guest was thrown from the automobile by reason of contact with the street car.

3. A judgment on a verdict for plaintiff, in an action against a street railway company for a death caused by a collision between a car of defendant and an automobile in which deceased was riding, will be sustained, where the evidence for plaintiff, although contradicted, tended to show that the car was running from 20 to 30 miles an hour, that no signals were given, and that the automobile was dragged 150 to 200 feet from the place of the collision.

*Appeals—Consideration of evidence—Verdict.*

4. A plaintiff who has recovered a verdict in his favor, is entitled, on appeal, to have the evidence considered in the light most advantageous to himself, and he must be given the benefit of every fact and inference reasonably deducible therefrom.

Argued April 27, 1920. Appeal, No. 295, Jan. T., 1920, by defendant, from judgment of C. P. Erie Co., Feb. T., 1919, No. 237, on verdict for plaintiff in case of Anna Keinath v. George Bullock, Receiver of the Buffalo & Lake Erie Traction Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Trespass for death of plaintiff's son. Before ROSSITER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were refusal of binding instructions for defendant and judgment n. o. v., quoting record.

*John B. Brooks,* with him *Charles H. English* and *Frank B. Quinn,* for appellant.

*S. Y. Rossiter,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 26, 1920:

Plaintiff sued to recover damages for the death of her son from injuries received in a collision between one of defendant's cars and an automobile in which deceased was riding as an invited guest. The trial resulted in a verdict for plaintiff; a rule for judgment non obstante veredicto was discharged, and judgment entered on the verdict, from which defendant appealed. The errors alleged are refusal of binding instructions for defendant and subsequent refusal to enter judgment for defendant non obstante veredicto. While the testimony as to the manner in which the accident happened is contradictory, plaintiff is entitled to have the evidence considered in the light most advantageous to her and must be given the benefit of every fact and inference reasonably deducible therefrom: Mountain v. American Window Glass Co., 263 Pa. 181.

Testimony offered on behalf of plaintiff shows the accident happened at the intersection of West Eighteenth and Chestnut streets in the City of Erie, December 22, 1918, between 12:30 and 1 a. m. Defendant's trolley line is located on West Eighteenth street and the car with which the collision occurred was running west, while the machine in which deceased was riding was going north on Chestnut street. The evidence is meager as to the speed of the automobile; it is, however, undisputed that deceased was sitting in the rear of the machine and had no control whatever over its operation. Under these circumstances, contributory negligence on part of the driver could not be imputed to deceased: Jones v. Lehigh & New England R. R., 202 Pa. 81; Little v. Central Dist. Telegraph Co., 213 Pa. 229; Sisson v. Phila., 248 Pa. 140.

Appellant claims proof is lacking which tends to show the injury to deceased was the result of the collision with defendant's car. Deceased was riding in the rear of the machine and immediately following the collision was found with a fractured skull, lying at the inter-

section of the two streets at which the automobile and car collided. In view of these facts the natural and reasonable inference is that deceased was thrown from the automobile by reason of contact with defendant's car.

The remaining question is the sufficiency of evidence of negligence on the part of defendant to sustain the verdict. Witnesses for plaintiff testified the trolley car approached the crossing going "fast" or "faster than it usually did" and at a speed variously estimated at from twenty to thirty miles an hour. There is also testimony that the automobile was dragged one hundred and fifty to two hundred feet from the intersection of the two streets before the car stopped. The jury was warranted in concluding from this evidence that the car was not under proper control as it approached the crossing. One witness stated positively no warning was given, while others testified they heard no bell or other warning of the approach of the car, although they were in a position to have heard such warning had it been given. Although it is true this testimony was contradicted by witnesses for defendant, who testified the car approached at a slow rate of speed and that proper warning was given, the jury evidently believed plaintiff's witnesses and we cannot say that this conclusion is without support in the evidence.

There was also contradiction in the testimony as to the exact point of collision and the manner and cause of its occurrence, the theory of defendant being that the machine in which plaintiff was riding ran into the side of the car. As stated above, however, the evidence in support of plaintiff's theory of the accident is sufficient to sustain the verdict in her favor.

The judgment is affirmed.