# Beck v. Director General of Railroads, Appellant.

*Railroads—Automobiles—Guest in automobile—Duty as to warning driver—Contributory negligence—Inferences not clear.*

1. A guest, seated in the rear of an automobile, is not chargeable with negligence for failure to give warning when he sees the driver lean forward as though in the act of taking hold of the lever to stop the car.

2. This case is one of those where "the inferences to be drawn" are not "clear beyond peradventure," and therefore for the jury.

Argued September 30, 1920. Appeal, No. 174, Oct. T., 1920, by defendant, from judgment of C. P. Armstrong Co., June T., 1919, No. 133, on verdict for plaintiff in case of J. S. Beck v. United States Railroad Administration (Director General of Railroads). Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KING, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,417.50. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v., quoting record.

*Harry C. Golden,* for appellant, cited: Martin v. R. R., 265 Pa. 282; Kirschbaum v. Transit Co., 73 Pa. Superior Ct. 536; Hall v. R. R., 244 Fed. 104.

*H. A. Heilman* and *C. E. Harrington,* for appellee, were not heard, but cited in their paper-book: Senft v. Ry., 246 Pa. 446; Vocca v. R. R., 259 Pa. 42.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

Plaintiff was injured, while riding as a guest in an automobile, through the negligence of the driver and appellant. The place of the accident was on a street at a much-used grade crossing in Kittanning, the injury occurring through collision between a train of the Pennsylvania Railroad, then operated by the director general, and the automobile. Plaintiff knew the conditions surrounding the place of the accident; the track could be seen for some distance by persons using the street; the view was unobstructed; and the accident occurred about two o'clock in the afternoon, June 22d. The driver of the automobile did not stop before reaching the crossing, but, afterwards, with the car in high gear, retarded its speed on passing the house-line, driving on the tracks without using the brakes. The exact speed of the car was not shown, but it was stated to be the lowest obtainable in high gear. Appellant's negligence was excessive speed and failure to give warning. The driver of the automobile admits he could have seen the train approaching in time to stop his car, had he looked. Plain-

tiff gave no warning of the impending danger known to him, and claims to be relieved because the driver was in the act of performing the duty which the warning would call forth, namely, to stop the car. Judgment having been entered on the verdict in plaintiff's favor, this appeal is taken, and the sole question presented by the argument, oral and written, is whether the facts, as testified to, justified the plaintiff in withholding the warning which the law demands from a guest to the driver.

The rule recently stated in Minnich v. Easton Transit Co., 267 Pa. 200, 204, is: "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery. Although a guest is not required to exercise the same degree of care and watchfulness as the driver, and the carelessness of the latter is not imputed to the former, yet a passenger must bear the consequences of his own negligence, when he joins in testing a danger; but the extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issues involved must be submitted to the jury for determination. Moreover, the authorities recognize the fact that, in measuring the adequacy of the opportunity for control, there are occasions when any pronounced effort in that direction might do more harm than good."

Appellee, with two ladies, was in the rear seat of the car, and in the front seat with the driver were two other persons; they were going to a funeral, and, according to plaintiff's testimony, as they approached the railroad track, the speed of the car was checked, the driver was stooping over with his hand on the lever, accompanied

by movements indicating an intention to stop at the customary place for vehicles to stop before going on the tracks, or, as elsewhere stated, he leaned forward and reached down as though he were taking hold of the lever to stop the car. The court instructed the jury: "It is the duty of a passenger, no matter where he may be seated, if he knows of danger immediately ahead, to warn the driver and to call his attention to the danger and to ask him to stop. If he does not do so, he himself is guilty of negligence. Now, it is contended on the part of the plaintiff here, that the plaintiff, under the circumstances, was not bound to call upon the driver there to stop, and that he was not guilty of any negligence in not warning the driver or asking him to stop, for the reason that the driver leaned forward and reached down and that he, the plaintiff, was thereby led to believe or thought that the driver was going to stop the car." The jury was instructed that, if they believed appellee acted as a reasonable, careful and prudent man would act under similar circumstances, and, in failing to give warning, he was misled by the acts of the driver, he should not be charged with contributory negligence. In this we find no error. It is one of those cases where "the inferences to be drawn" are not "clear beyond peradventure," and one which the jury alone must determine. It comes within the class where, "It cannot be said as a matter of law that such a guest or passenger is guilty of negligence because he has done nothing. In many such cases the right degree of caution may consist of inaction. In situations of great and sudden peril, meddlesome interference with those having control, either by physical act or by disturbing suggestions and needless warnings, may be exceedingly disastrous in results": Hermann v. Rhode Island Co., 36 R. I. 447.

Judgment affirmed.