## Murray *v.* Baltimore & Ohio R. R., Appellant.

*Negligence —Railroads —Automobiles —Guest passenger —Contributory negligence.*

1. A passenger in a vehicle is not required to observe the high degree of care placed on the driver.

2. A passenger performs his duty by exercising a reasonable degree of watchfulness and when occasion arises warns the driver of threatening danger.

3. A guest in an automobile approaching a grade crossing does all that she is required to do if, at the time she sees the driver stop, look and listen at a proper place, she also looks and listens on her own behalf, and neither sees nor hears an approaching train, and, when she observes the driver start the car, looks again for an approaching train.

*Appeals—Statement of questions involved.*

4. A question not included in the statement of questions involved, is not entitled to consideration on appeal.

Submitted October 13, 1924. Appeal, No. 105, Oct. T., 1924, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 321, on verdict for plaintiff, in case of Eleanor Murray v. Baltimore & Ohio Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries.  Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $28,000.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Allen T. C. Gordon,* of *Gordon, Smith, Buchanan & Scott,* with him *Clark Miller,* for appellant.

*Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE FRAZER, November 24, 1924:

Plaintiff sued for personal injuries sustained in a collision, at a grade crossing between an automobile in which she was riding as an invited guest, and one of defendant's trains.  The jury rendered a verdict in plaintiff's favor for $28,000, and, on defendant's motions for judgment non obstante veredicto and for a new trial being overruled and judgment entered on the verdict, defendant appealed.  The only questions requiring our consideration, are whether there is evidence from which the jury were justified in finding that defendant was negligent, and whether plaintiff was free from contributory negligence.

Plaintiff with four young women friends were spending their vacation at a girls' camp near Evans City, Butler County.  While walking along the public highway toward the town they were overtaken by two young men driving an open touring automobile.  At the request of the girls, they were taken into the machine; the driver and his friend sat in the front seat while plaintiff and her companions occupied the rear of the car, four sitting on the back seat and plaintiff in a small folding seat in the middle of the machine.  The car proceeded through the town to the grade crossing over defendant's railroad at Harmony Street.  At this point there were three

tracks, consisting of two main tracks and a siding. The driver testified he stopped the machine to look and listen, at a distance of fifteen feet from the siding and at a place where cars generally stopped for that purpose and hearing no approaching train proceeded to cross the railroad in low gear, and had reached the third track, after having crossed the siding and first main track, when his automobile was struck by the train. Although the evidence is conflicting as to whether the driver stopped his car before entering on the tracks, this question was necessarily for the jury and appellant's counsel concedes that, by the finding of the jury and for the purpose of his argument, it is necessary to admit the driver came to a stop before attempting to cross.

Plaintiff testified she was not aware of the existence of the crossing until the driver slowed down and stopped the car. She then observed the crossing and looked from one side of the automobile to the other, and neither saw nor heard the train and she noticed the signal bell at the crossing was not ringing. In exercising such care she took all reasonable precaution the law requires her to take for her safety. When, at the time she saw the driver stop, look and listen at a proper place, she also looked and listened on her own behalf, and neither saw nor heard an approaching train, and observed the driver start the car, at which time she again looked for an approaching train, what more should she do? According to her testimony, which was accepted by the jury, she discharged every duty the law would have imposed on her had she been the driver of the car, instead of merely a passenger. We have held on numerous occasions that a passenger in a vehicle is not required to observe the high degree of care placed on the driver. A passenger performs his or her duty by exercising a reasonable degree of watchfulness and when occasion arises warns the driver of threatening danger: Azinger v. Pennsylvania R. R., 262 Pa. 242; Martin v. Penna. R. R., 265 Pa. 282, and cases cited. The questions of the rights and duties

of a passenger have been fully discussed in Nutt v. Penna. R. R., 281 Pa. 372.

Defendant's negligence is not included in the statement of questions involved, consequently is not entitled to consideration. The questions of negligence on the part of defendant and contributory negligence on the part of plaintiff were both properly submitted to the jury.

The judgment is affirmed.