## Kilpatrick, Appellant, v. Philadelphia Rapid Transit Co.

## Carlin et al. v. Philadelphia Rapid Transit Co.

*Appeals—Nonsuit—Evidence—Review.*

1. On appeal from order refusing to take off nonsuit, the appellate court, in reviewing the evidence, must consider it in the light most favorable to plaintiff, giving him the benefit of all proper inferences to be drawn therefrom.

*Negligence—Street railway companies—Automobiles—Crossings
—Collision—Contributory negligence—Nonsuit.*

2. The driver of a vehicle about to cross an intersecting street
in which trolley cars run, must not assume, when he sees a trolley
car approaching, that it will stop at the intersection, when he
knows, as an ordinary person should know, that if he attempts to
cross, and the trolley car does not stop, it will run him down or
into his vehicle; and this is true regardless of whether or not he
is operating his vehicle in a lawful manner.

3. Before the driver of an automobile commits his car to the act
of crossing, he should consider the distance of the trolley car from
the automobile; he may not rest on the assumption that it will
stop at the crossing, but must pay attention to its approach.

4. If, after making such observation, it would appear to the or-
dinarily prudent person that there is an opportunity to cross
safely, it is not contributory negligence to attempt to do so.

5. The driver of an automobile is not bound to wait at a cross-
ing until a car passes, merely because it is seen in the distance.

6. The driver may assume that when a trolley car is in view, it
will be operated with due care.

7. It is the duty of a driver of an automobile, when driving his
car over a double line of tracks, to look for the approach of trolley
cars at the entrance of each track, before attempting to cross it.

8. Where one voluntarily subjects himself to manifest danger,
he cannot complain because others failed to exercise care to save
him from harm.

*Negligence—Automobiles — Invited guest — Contributory negli-
gence—Nonsuit—Case for jury.*

9. An invited guest in an automobile is responsible for inaction
only when he knows of a danger, or, where the evidence is such
that, from the nature of the situation itself, it appears that he
must have realized his peril; he is not required constantly to look
out for danger.

10. A guest in an automobile, who is reading a newspaper at
the time of a collision, is not by that fact guilty of a contributory
negligence as a matter of law.

Argued April 14, 1927. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

Appeals, Nos. 149, 150 and 151, Jan. T., 1927, by
Samuel J. Kilpatrick and Eugene Carlin et al., from or-
ders of C. P. No. 1, Phila. Co., June T., 1923, Nos. 6385,

6386, refusing to take off nonsuits, in cases of Samuel J. Kilpatrick v. Philadelphia Rapid Transit Co., and Eugene Carlin, by his mother and next friend, Rose Carlin, and Rose Carlin, in her own right, v. Philadelphia Rapid Transit Co. Reversed as to the Carlin Case, affirmed as to the other.

Trespass for personal injuries. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit in each case; refusal to take off. Plaintiffs appealed.

*Errors assigned* were orders, quoting record.

*Wm. A. Gray,* for appellant, Samuel J. Kilpatrick.— The operator of a motor vehicle is not guilty of negligence in attempting to cross a street in front of a trolley car which is seventy-five feet distant from the crossing when the vehicle is at the edge of the first track: Murphy v. Transit Co., 285 Pa. 399; Flounders v. Traction Co., 280 Pa. 85; Emmelt v. Transit Co., 89 Pa. Superior Ct. 417; Wagner v. Transit Co., 252 Pa. 354; Welsh v. Transit Co., 63 Pa. Superior Ct. 143; Spahr v. Rys., 50 Pa. Superior Ct. 602; Schmidt v. Transit Co., 253 Pa. 502; Connor v. Ry., 50 Pa. Superior Ct. 629.

*Wm. A. Gray,* for appellants, Eugene Carline et al.— As a matter of law, it is not necessary for an invitee in a motor vehicle to watch the roadway, or in any manner to interfere with the operation of the vehicle: Nelson v. Traction Co., 276 Pa. 178; Nutt v. R. R., 281 Pa. 372.

*Joseph J. Tunney,* with him *J. J. K. Caskie,* for appellee.—The undisputed evidence shows that plaintiff, Kilpatrick, was guilty of contributory negligence: Lessig v. Transit & L. Co., 270 Pa. 299; Patton v. George,

284 Pa. 342; Weber v. Transit Co., 256 Pa. 595; Schuchalter v. Transit Co., 288 Pa. 189; Uhlig v. Transit Co., 287 Pa. 586.

Plaintiff, Carlin, was guilty of contributory negligence: Hill v. Transit Co., 271 Pa. 232; Nutt v. R. R., 281 Pa. 372; Wagenbauer v. Schwinn, 285 Pa. 128.

OPINION BY MR. JUSTICE KEPHART, June 25, 1927:

Kilpatrick, while driving his motor truck, 22 feet long, from Greenway Avenue across the tracks of appellee's trolley lines on Fifty-eighth Street intersection, received personal injuries as the result of a collision between his motor vehicle and two of appellee's cars. He had on the truck as a guest, Carlin, a minor who was also injured. Separate actions were brought and the court below directed a nonsuit in each case which it later refused to disturb. Both plaintiffs appealed, the cases were heard together and, as the legal relations of the parties vary, we will consider first the case wherein the driver, Kilpatrick, is appellant.

The court below found that the driver had not presented a case clear of contributory negligence. In reviewing the evidence, we, of course consider it in the light most favorable to plaintiff, giving him the benefit of all proper inferences to be drawn therefrom: Murphy v. Phila. Rapid Transit Co., 285 Pa. 399, 406. The following additional facts might have been found by the jury. As plaintiff approached Fifty-eighth Street, he planned to make a left hand turn; the speed of the truck was reduced to eight miles an hour. He looked to the right and left at the house line for approaching traffic and saw two trolley cars, one coming from the right, the other from the left, each 200 feet away. He proceeded, and before entering the tracks he again looked and saw the car moving rapidly, 75 feet away. He devoted his attention to the car on his left, which had not passed the street intersection. Assuming that it would stop, or at least reduce its speed, he proceeded. The northbound

trolley struck the rear part of the car, and an instant later the southbound car struck it on the right side near the front. Vehicles approaching public crossings should be under the absolute control of their operators: Flounders v. Southern Penna. Traction Co., 280 Pa. 85. While trolley cars are not held to the strict rule of control that attaches to a moving automobile at public crossings, they must exercise a certain control to the extent of slackening their speed so as to aid others under stricter control to avoid accidents. It would be impracticable to hold that such cars should be under absolute control, or stop at all crossings. Plaintiff's evidence tended to show defendant's cars were operated at an excessive rate of speed, and the jury could have found it negligent.

Kilpatrick, as stated, was nonsuited because of his own negligence. The driver of a vehicle about to cross an intersecting street on which trolley cars run, must not assume, when he sees a trolley car approaching, that it will stop at the intersection when he knows, as an ordinary person should know, that if he attempts to cross and the trolley car does not stop, it will run him down, or into his car. If he disregards such dangers and the ordinary mental admonition, he deliberately takes a chance. This is true regardless of whether or not he is operating his vehicle in a lawful manner. That is to say, one who attempts to cross the tracks under such conditions, is just as careless if driving at five miles an hour as one making the attempt while driving forty miles an hour.

Before a driver commits his car to the act of crossing, he should consider the distance of the car from the automobile; he may not rest on the assumption that it will stop at the crossing, but must pay attention to its approach. If, after making these observations, it would appear to the ordinarily prudent person that there is an opportunity to cross safely, it is not contributory negligence to attempt to do so. Absolute accuracy of judgment is not necessary. The test is a fairly reasonable

one. The driver of a car is not bound to wait at a crossing until a car passes merely because it is seen in the distance, but, as distance is one of the controlling factors entering into the determination of what is due care in a given case, we must be careful not to apply too strictly the rules of safety in a judgment thus reached, and determine from the circumstance that the operator took a chance. The operator may assume, and we must also consider, that when a trolley is in view, it will be operated with due care.

It is the duty of an operator, when driving a car over a double line of tracks, to look for the approach of cars at the entrance of each track before attempting to cross it. Plaintiff did not observe this rule; he looked both ways and saw both cars, but his attention was directed to the car on the northbound track and he attempted to clear that track and turn to the second track without observing the location of the car on it. "He could not watch both ways," so he stated. This was unfortunate; he knew cars were approaching on both tracks before starting to cross the first one, but apparently paid no attention to these facts. The case is clearly in line with Lessig v. Reading Tr. & Light Co., 270 Pa. 299; Evans v. Pittsburgh Rys. Co., 283 Pa. 180; Patton v. George, 284 Pa. 342; Weber v. Phila. Rapid Transit Co., 256 Pa. 595; and Schuchalter v. Phila. Rapid Transit Co., 288 Pa. 189. See also Nolder v. Penna. R. R. Co., 278 Pa. 495, 498. Where one voluntarily subjects himself to manifest danger, he cannot complain because others failed to exercise care so as to save him from harm: Schuchalter v. Phila. Rapid Transit Co., supra. Under the facts as thus presented, the court did not err in directing a nonsuit as to Kilpatrick. A different question presents itself as to Carlin, an invited guest.

Carlin testified that he was reading a newspaper as the truck approached the intersection and did not see either trolley until an instant before the accident. The court below held that, because of his failure to look out

for danger, he was guilty of contributory negligence, as a matter of law, and on this ground refused recovery. Where the driver of an automobile is not negligent, it is not necessary for the guest to take any steps for his own safety. If the driver of the car is negligent, it does not follow that the guest may not recover for damages sustained. The negligence of the driver of an automobile is not imputed to a guest who has no opportunity to control him: Nutt v. Penna. R. R. Co., 281 Pa. 372, 376; Wolf v. Sweeney, 270 Pa. 97; Keinath v. Bullock, 267 Pa. 589; Vocca v. Penna. R. R. Co., 259 Pa. 42; Hardie v. Barrett, 257 Pa. 42, 46; Senft v. Western Maryland R. Co., 246 Pa. 446; Wachsmith v. B. & O. R. R. Co., 233 Pa. 465. There is an exception to the general rule where the guest and driver are engaged in a common purpose, in which case each may be said to have control over the automobile: Hoffman v. Pitts. & L. Erie R. R., 278 Pa. 246; Martin v. Penna. R. R. Co., 265 Pa. 282; Dunlap v. Phila. Rapid Transit Co., 248 Pa. 130.

A guest is, however, responsible for his own actions, and, if he fails to exercise ordinary care under the circumstances, he cannot recover: Wagenbauer v. Schwinn, 285 Pa. 128; Renner v. Tone, 273 Pa. 10; Hill v. Phila. Rapid Transit Co., 271 Pa. 232; Martin v. Penna. R. R. Co., supra; Laudenberger v. Easton Transit Co., 261 Pa. 288; Hardie v. Barrett, supra; Coleman v. Pittsburgh, H. B. & N. C. St. Ry. Co., 251 Pa. 498; Dunlap v. Penna. R. R. Co.. supra.

The extent to which one riding as an invited guest in an automobile should anticipate an impending peril and act in relation thereto depends on the facts of each case (Nutt v. Penna. R. R. Co., supra), and is ordinarily a question for the jury: Suchy v. Buff. & L. Erie Tr. Co., 283 Pa. 533; Johnson v. Phila. & Reading Ry. Co., 283 Pa. 480; Murray v. B. & O. R. R., 281 Pa. 474; Nutt v. Penna. R. R. Co., supra; Nelson v. Johnstown Tr. Co., 276 Pa. 178; Jerko v. Buffalo R. & Pgh. Ry. Co., 275 Pa.

459; Beck v. Director General, 268 Pa. 571; Minnich v. Easton Tr. Co., 267 Pa. 200; Eline v. Western Maryland Ry. Co., 262 Pa. 33; Wanner v. Phila. & Reading Ry. Co., 261 Pa. 273; Vocca v. Penna. R. R. Co., supra; Senft v. Western Maryland Ry. Co., supra; Volk v. Springhouse & Hilltown Turnpike Road Co., 66 Pa. Superior Ct. 493. It is only where the evidence is clear that the court should say, as a matter of law, that the guest was negligent: Beck v. Director General, supra; Minnich v. Easton Tr. Co., supra.

It is insisted that a guest, in reading a newspaper while riding in an automobile, is not exercising due care for his safety. While travel by automobile may, to some extent, be dangerous, like the operation of a trolley car, passengers can do little to make it safer. They are, under certain conditions, required to take additional precaution for their safety. In the general run of things, a guest's attention is not fixed on the roadway or the driving. He is usually engaged in conversation with those about him, or in observing the country, or passing objects. But even under these circumstances, there arise in the course of the drive, conditions which clearly fix on the guest the duty to give warning. Some of these circumstances may be clear and obvious, as for illustration, an automobile may be so operated as to attract the attention of a guest even though he be otherwise occupied, as a car driven recklessly, carelessly, or with excessive speed, driving on the wrong side of the road, etc.

We have stated the rule applicable in several ways. It was said in earlier cases that, if a guest voluntarily went into a dangerous situation that he could have avoided by giving warning, or if he joined the driver in testing a danger, his acts would bar his recovery: Sisson v. Phila., 248 Pa. 140; Senft v. Western Maryland Ry. Co., supra; Wachsmith v. B. & O. R. R. Co., supra, where it is stated the phrase "testing danger" implies an active participation in a reckless disregard of danger. A guest, however, may be merely passive, and "be re-

sponsible (under given conditions) for an injury resulting to himself." In such cases, he does not join in testing danger, but, by his conduct, he is presumed to have taken the risk incident thereto. The rule is stated in Nutt v. Penna. R. R. Co., supra, at page 376, as follows: "The test of negligence......of an invited guest, is his action or want of action in the face of manifest danger, or danger known to him or which it was his duty equally with the driver to observe." See also Azinger v. Penna. R. R. Co., 262 Pa. 242. The Chief Justice, in Minnich v. Easton Tr. Co., supra, at page 204, uses these words: "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to *control* or *influence* the situation for safety, if he sits by *without warning* or *protest* and *permits* himself to be driven carelessly to his injury, this is negligence which will bar recovery."

It would seem that the rule to be deduced from the authorities is that the guest will be held responsible for his action or failure to act in the face of a danger of which he knew, or where it can reasonably be inferred that he must have realized the peril. This guest was reading a newspaper. This would negative a suggestion that he knew of any danger. Was there anything in the situation itself which, from its very nature, would have impressed the peril on his mind? The truck was being driven on a public highway in general use at a very slow rate of speed, which was reduced to eight miles an hour when it reached the crossing. There was nothing on the street or in the way to excite or attract attention or impress itself as perilous; there was nothing in the presence of a double line of street car tracks that would suggest danger. Unless we require a guest to be actively on the lookout for danger, or to assume part of the duties of the driver, we could not hold, under the circumstances of this case, that, from the nature of the danger itself, the guest must have realized the danger.

It is true there are some decisions of our court which may be cited as partially sustaining the view of the court below, that a guest assumes the duties of the driver, as in Dunlap v. Phila. R. Tr. Co., supra, where a constable and his deputy used an automobile for their mutual business, with equal opportunities to observe dangers in the roadway, but the occupants were in joint control of the car and were engaged in a *common purpose.* In Laudenberger v. Easton Tr. Co., supra, a guest was killed in a collision with a trolley car. He was familiar with the locality, but paid no attention to his surroundings. Judgment for defendant was affirmed on the authority of Dunlap v. Phila. Rapid Tr. Co., supra, as a common purpose case. In Martin v. Penna. R. R. Co., supra, the deceased was returning with others from a ball game and was killed at the crossing,—the decision refusing recovery was placed on the ground of a common purpose. The same degree of care was required from the guest as from the driver. In Hill v. Phila. Rapid Tr. Co., supra, the guest undertook to assist in controlling the car. He looked at the house line, as they neared the track, and later. Where a guest undertakes to aid in driving a car by observing the condition of the way ahead and surrounding circumstances, he must be held responsible for the result of his own acts. If he advises the driver that circumstances exist which afterwards turn out to be contrary to actual facts at the time given, the same rule that applies to the driver applies to the guest. In the Hill Case, there was clear evidence of excessive speed. A similar illustration is contained in the case of Morningstar v. Penna. R. R. Co., 290 Pa. 14.

Azinger v. Penna. R. R. Co., supra, is a case where the guest was riding with her husband on a road with which neither was familiar. They first saw the crossing when 15 feet from it, but too late to avoid the accident. The court below charged it was the guest's duty at all times to observe the roadway ahead in the same manner as

though she were driving the automobile. We held this to be error and stated: "The tendency of our decisions is to hold a passenger responsible for his actual negligence in joining with the driver in testing a danger he knows exists, and not for the result of mere inaction in failing to discover dangers of which he is ignorant, but might have discovered had he been giving attention to the roadway ahead of him."

In Nutt v. Penna. R. R. Co., 281 Pa. 372, relied on by the court below, the car in which the invited guest was riding was struck by defendant's train. The plaintiff was riding the rear seat and while he looked in both directions, he saw the driver stop, look and listen, and heard him say the way was clear. The driver had given every indication that he would exercise due care, and the guest could assume he would perform that duty. When he failed, there was no time to interpose further warning. In affirming a judgment for defendant, we reiterated the rule from Azinger v. Penna. R. R. Co., supra. In Davis v. American Ice Co., 285 Pa. 177, the guest was riding in an automobile with her sister, who was driving; the car collided with a truck at a street intersection. Plaintiff, the guest, testified she noticed her sister had reduced the speed of the car but did not look on her own account to see whether another car was approaching. We reversed the judgment of the court below refusing to take off the nonsuit. Justice FRAZER there said (p. 185): "We know of no decision where it has been held that a passenger in an automobile is equally bound with the driver, as was in effect held by the court below, to watch for the approach of vehicular traffic at street crossings. To so hold would require such constant interference with the driver as to increase rather than diminish the danger." The same reasoning applies to the case before us.

The weight of all the authorities seems to be that the guest is responsible for inaction only when he knows of a danger, or where the evidence is such that, from the

nature of the situation itself, it appears that he must have realized its peril. He is not required constantly to look out for danger.

The judgment of the court below in the appeal of Carlin et al. to No. 150, 151, January Term, 1927, is reversed with a venire facias de novo. In the Kilpatrick Appeal, No. 149 January Term, 1927, the judgment is affirmed at the cost of appellant.