# Gadol v. Dessen and Philadelphia Rapid Transit Company, Appellant.

*Negligence—Joint negligence—Automobile—Street car—Collision.*

In an action of trespass to recover for damages to an automobile and for personal injuries, sustained in a collision between a trolley car and another automobile, the evidence was that the trolley car struck defendant's automobile while he was backing it into the street. The collision forced defendant's automobile into that of the plaintiff's injuring it and plaintiff's wife who was sitting in the machine. The testimony further disclosed that the trolley car dragged defendant's automobile thirty feet before stopping, and that when the policeman called to the motorman to stop he did so within two feet.

Under such circumstances the question of the joint negligence of the motorman of the street railway company and the defendant motorist was for the jury. Such testimony is sufficient to warrant a finding that the street car was operated in a negligent manner, which negligence directly contributed to the injury to plaintiff.

If the evidence and legitimate inferences which may be drawn therefrom, are not clear beyond peradventure, it is for the jury to pass upon the question of the defendant's negligence.

Argued October 12, 1927. Appeals Nos. 259 and 260, October T., 1927, by Philadelphia Rapid Transit Company from judgment of C. P. No. 2, Philadelphia County, March T., 1926, No. 502, in the case of Adele Gadol and Isaac Gadol v. Abraham Dessen and Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries and injury to an automobile. Before GORDON, JR., J.

The opinion of the Superior Court states the facts.

Verdict for the plaintiff Adele Gadol in the sum of $1,000, for plaintiff Isaac Gadol in the sum of $500, and judgment thereon. Philadelphia Rapid Transit Company appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Jay B. Leopold,* and with him *J. J. K. Caskie,* for appellant.

*Michael D. Hayes,* and with him *Wilson & McAdams,* for appellee.

OPINION BY PORTER, P. J., March 2, 1928:

Isaac Gadol had parked his automobile, in which his wife, Adele, was seated, near the curb on the north side of Walnut Street, in which place he had the lawful right to park said car. The defendant, Dessen, had parked his automobile about four feet in the rear of plaintiffs' car; after the Dessen car had remained in that position for a short time Dessen returned to his car and, desiring to proceed westward on Walnut Street, he backed his car about six feet, in order to drive around the cars parked in front of him; there was not room for him to drive around those cars without entering upon the tracks of the street railway company; when the front wheels of Dessen's car had been driven upon the street railway track a street car of the Philadelphia Rapid Transit Co. came into violent collision with the Dessen automobile, the right front corner of the street car striking the automobile about its center and dragging the Dessen car forward with such force that it overturned the car of Gadol, in which his wife was sitting, throwing it upon the sidewalk; the street car continued to drag the Dessen car forward bringing it into violent collision with a car which had been parked in front of the Gadol car, thus dragging the Dessen car, which was a Studebaker sedan, thirty feet before it was brought to a stop. The plaintiffs brought this action to recover for personal injuries to Mrs. Gadol, for the amount which her husband was required to pay for medical attendance upon her, and for damages to his automobile. They recovered verdicts and judgments in the court below, from

which Dessen has not appealed and this appeal is by the Philadelphia Rapid Transit Co.

The only assignments of error refer to the refusal of the court to give binding instructions in favor of the Philadelphia Rapid Transit Co. and to the refusal of the court to enter judgment in favor of that company, notwithstanding the verdict. It is contended on behalf of the appellant that there was not sufficient evidence to warrant a finding that the employees of the defendant were guilty of any negligence in so operating the street car as to render the appellant liable for the injuries sustained by the plaintiffs. The appellant presented no evidence at the trial and there was no direct testimony by any witness as to the rate of speed at which the street car had been moving before the collision occurred. Dessen, one of the defendants, was called by the plaintiff as for cross-examination. He testified that, before starting to back his car, he looked to ascertain whether there was a street car coming and at that time there was no street car in sight; he then backed his car about six feet and, without again looking, he started to drive westward and in order to do so it was necessary for him to drive upon the street car track, to get past the automobiles which were parked in front, and that when both front wheels of his car were upon the track the street car came into collision with his car, striking it about the middle and carrying it forward against the cars parked in front. His testimony was certainly sufficient to carry the question of his negligence to a jury, but Dessen has not appealed. It is argued in the brief for appellant that ''the testimony in this case must be viewed in the same light as though the co-defendant Dessen had as a plaintiff instituted suit against this appellant.'' This contention is without merit. ''The fact that the injury was caused by the joint negligence of the defendant and a stranger is, of course, no defense; and unless the

person whose fault is relied upon by the defendant as an excuse, was subject to the direction of the plaintiff, his fault cannot properly be charged upon the latter'': Smith v. Reading Transit & Light Co., 282 Pa. 516. It was the street car which violently carried forward the Dessen automobile and overturned the car of the plaintiffs. The force with which the street car was dragging forward the Dessen automobile acted directly upon the car of the plaintiffs and there can be no question as to the proximate cause of the injuries. Whether there was sufficient testimony to warrant a finding by the jury that the street car was operated in a negligent manner, which negligence directly contributed to causing the injury to plaintiffs, is the only question involved in this case. Dessen testified that there was no street car in sight at the time he started to back his car; that he listened and heard no signal from an approaching car. The appellant did not see fit to produce any evidence as to the manner in which the street car was operated nor the rate at which it was running. No witness called seems to have observed the street car before the collision occurred. Raymond Banks, a city policeman, was walking along Walnut Street with his back towards the point of collision, when he heard the crash and ran out in the middle of the street. He testified as follows: ''I still saw the automobile and the car proceeding west on Walnut Street, after hitting one another.'' He further testified that the street car was then moving at the rate of about five miles an hour, that he hollered to the motorman to throw off the power; that he then saw him throwing the handle and that after he threw the handle the car did not move more than a couple of feet. This officer then examined the marks on the ground and he testified that the trolley car had dragged the automobile about thirty feet after the collision occurred and that in doing so it overturned the automobile of the

plaintiffs and crashed into another automobile which was parked in front. The nature of the assignments of error in this case requires the evidence to be viewed in the light most favorable to plaintiffs' cause. The fact that the trolley car was not under proper control in view of the traffic conditions is indicated by the distance and the violence with which it dragged the Dessen car, after the latter was struck on the side and the fact that the street car stopped within two feet after the motorman had thrown the handle, when warned by the policeman to turn off the power. If the evidence and legitimate inferences which may be drawn therefrom, are not clear beyond peradventure, it is for the jury to pass upon the question of the defendant's negligence, upon the evidence submitted: Beck v. Director General of R. R., 268 Pa. 571; Suchy v. Buffalo & Lake Erie T. Co., 283 Pa. 533. The assignments of error are overruled.

The judgment is affirmed.